JAMES H. FITZMAURICE *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.    March 8, 1926. — May 29, 1926.

Present: BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Negligence*, Railroad, Res ipsa loquitur. *Evidence*, Presumptions and burden of proof.

If, at the trial of an action of tort against a railroad company, the plaintiff introduces evidence that he was injured while he was a passenger of the defendant in a derailment caused by the breaking of an axle of a car, and there also is evidence introduced by the plaintiff, in answers by the defendant to interrogatories, showing the place of purchase of the axle, regular inspection, and no defect discovered, and the judge charges the jury correctly as to the nature of the care required of the defendant as a common carrier and that the burden of proof was on the plaintiff to establish on the whole evidence that the defendant was negligent, it is not error for the judge to refuse to instruct the jury that the doctrine, *res ipsa loquitur*, applies to the case.

TORT for personal injuries suffered when a railroad car of the defendant in which the plaintiff was a passenger on June 16, 1921, became derailed by the breaking of an axle. Writ dated July 21, 1921.

In the Superior Court, the action was tried before *Quinn*, J. The plaintiff testified and introduced in evidence interrogatories propounded to the defendant and the answers thereto. These answers described the car and the axle; stated that the car was bought from the Laconia Car Company in 1909 or 1913; that it was inspected in a general manner by car inspectors after each trip, and that twice each week when the car was washed it was under a more detailed inspection, including axles; that no defects in the axle appeared, and that

the defendant did "not know what caused the break." Evidence of the defendant was to the same effect in more detail.

Requests by the plaintiff for rulings are stated in the opinion. The judge in his charge in substance stated that "as a broad proposition" common carriers "have to use the highest degree of skill and foresight that is practicable and consistent with the operation of the railroad and its trains. A railroad is not an insurer of the safety of its passengers, nor does it guarantee safety to its passengers, but it is compelled to exercise a high degree of care, or practically a high degree of care in view of their other duties and obligations in transporting so as to shield and protect people who see fit to embark on the cars and entrust the safety of their lives and their limbs to the railroad company. . . . Even with the exercise of the highest degree of care and foresight we know that accidents may happen and this case is founded entirely upon that contention that the defendant was negligent. . . . the obligation is on the shoulders of the defendant road to guard against such conditions which may bring danger or may be negligent. But the law does not demand impossibilities, the law is a practical working science applied to the daily matters of life, and so here in this case you are confined to the evidence which is presented. . . . So the query here is was there anything about this axle, either due to its age, its usage or as to its actual exterior condition which would indicate to a reasonable prudent man charged with the duty of inspection and care that there was something about it that called either for its removal or for some changes to be made. . . . There is another thing I meant to say. If a case were opened to you here, gentlemen, by a plaintiff and he suffers injury in an accident and that accident is one that, in your judgment, must have been due to the failure to use some care, if no evidence was introduced opposing it, you would be justified in concluding that the plaintiff had maintained his case. In this case, it is not disputed that the axle broke, but the defendant saw fit to introduce some testimony in explanation of that. Is it explained? Yet the burden of proof, all the time, comes back to the plaintiff from A to Z; all the conclusions of the

case on liability rests with the plaintiff, the burden of proof. Has the plaintiff established it? That is for your determination."

There was a finding for the defendant. The plaintiff alleged exceptions.

*Lee M. Friedman,* for the plaintiff.

*T. Kelly,* for the defendant.

BRALEY, J. It was undisputed at the trial that the plaintiff while a passenger on a train of the defendant and in the exercise of due care suffered personal injuries from a derailment of the car caused by the breaking of an axle. The plaintiff asked the trial judge to rule as follows:

"4. The doctrine of *res ipsa loquitur* applies to this case. It applies in the case of an unexplained accident which in the ordinary experience of mankind would not have happened without fault on the part of the defendant."

"8. The plaintiff having shown the derailing of the car, this fact until explained by the defendant, was evidence of negligence which the jury could find in the ordinary course of affairs would not have happened if proper precautions had been taken."

"9. The entire management of track and equipment was in the control of the defendant. If the plaintiff shows that the car in which he was a passenger left the track the jury might well find from common experience if nothing further appears, that if neither the car nor the track was defective it would not have been derailed and therefore the defendant was guilty of negligence."·

"11. If the axle of the railroad car in which the plaintiff was being transported as a passenger by the defendant broke, causing the car to be derailed, as the train was going along in the ordinary way, and the plaintiff was injured, it makes out a *prima facie* case for the plaintiff. The injury under such circumstances would imply negligence of the defendant. It would be inferred from these facts that the car was not properly fitted and provided with suitable and safe axles. The presumption of law standing alone with such facts proven is such that it would support an inference of negligence unless the defendant by going forward with evidence offers what the jury may find an adequate or satisfactory explanation

of the accident arising from causes other than from its own want of care."

The requests were denied, and, a verdict having been returned for the defendant, we are asked to order a new trial, because of the denial, and for alleged error in a portion of the charge to the jury.

It is settled, that in an action between a passenger and common carrier for injuries received during transportation, if from common experience the accident would not have happened unless there was a defect in the car or in the road-bed or carelessness in the management of the car, evidence of the accident and of the plaintiff's due care are *prima facie* sufficient to establish liability, where no evidence is offered tending to show that the carrier has not been guilty of negligence. *Spooner* v. *Old Colony Street Railway,* 190 Mass. 132. *Carroll* v. *Boston Elevated Railway,* 200 Mass. 527. *Nolan* v. *Newton Street Railway,* 206 Mass. 384. But, even if the cause of the accident in the case at bar was definite and certain, the burden of proof which did not shift, was on the plaintiff to satisfy the jury on all the evidence that it was due to the defendant's carelessness. *Carroll* v. *Boston Elevated Railway, supra.* While the evidence introduced by the plaintiff showed the breaking of the axle and the derailment, it also showed an inspection of the car shortly before the accident, and that the axle which had been bought from the Laconia Car Company was at the time of purchase in proper condition and that the defendant was ignorant as to the cause of breakage. The defendant also offered evidence of the conditions under which the axle broke, and the use to which it had been subjected, as well as the mode of inspection of cars and axles by the company. The defendant was not an insurer of the plaintiff's safety. It only undertook to provide and maintain suitable cars, and whether that duty had been performed was for the jury. *Marshall* v. *Boston & Worcester Street Railway,* 195 Mass. 284, 286, 287.

The requests, in so far as applicable were fully covered by the instructions which correctly stated the law. *Carroll* v. *Boston Elevated Railway, supra. Rich* v. *Silverman,* 216 Mass. 195. *Connors Brothers Co.* v. *Sullivan,* 220 Mass. 600.

*Exceptions overruled.*