SIGMUND GLASER *vs.* WILLIAM L. SCHROEDER.

Bristol.    October 29, 1929. — November 27, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* Motor vehicle, In use of way, Res ipsa loquitur. *Evidence,* Presumptions and burden of proof.

At the trial of an action of tort in a district court, there was evidence that the defendant, the owner of an automobile, parked it facing uphill on a street with a grade of six and fifty-seven one hundredths per cent, with its rear wheels a little distance from the curb and its front wheels turned toward the curb; that he stopped the engine, placed the gears in neutral, set the emergency brake, and left the automobile without its wheels being chained together or to any other part of the machine; that, before he returned, his sister and a friend seated themselves in the rear part of the automobile; and that shortly thereafter the automobile rolled backwards down the street and collided with a store of the plaintiff. There was no evidence that anyone touched the brake in the defendant's absence, nor did it appear whether the brake was on or off when he returned. The trial judge found for the plaintiff. *Held,* that

(1) The doctrine of *res ipsa loquitur* was applicable;

(2) In the circumstances, the plaintiff was not required to introduce evidence of specific negligence on the part of the defendant;

(3) The finding for the plaintiff was warranted.

TORT. Writ in the Third District Court of Bristol dated February 29, 1928.

At the trial in the District Court, there was evidence that the emergency brake of the defendant's automobile was

in good condition. Other material evidence is stated in the opinion. The trial judge found for the plaintiff in the sum of $530.50, denying, among others, a request by the defendant for a ruling that on all the evidence the plaintiff was not entitled to recover. Upon a report to the Appellate Division for the Southern District, an order was made that judgment for the defendant be entered. The plaintiff appealed.

*S. Rosenberg*, for the plaintiff.

*W. S. Downey*, for the defendant.

Rugg, C.J. This is an action of tort whereby the plaintiff seeks to recover compensation for damage to his property alleged to have been caused by the negligence of the defendant with respect to his automobile. Findings of fact were made by the trial judge to the effect that the defendant placed his automobile in a street in New Bedford on a grade so that its rear wheels were a little distance from the curb and on a lower level than the forward wheels, which were turned toward the curb, put on the emergency brake and left the automobile. Before he returned, his sister and a friend, who had accompanied him to New Bedford, came and seated themselves in the rear part of the automobile. They did not go near the brake. There was no evidence that anybody touched the brake or the mechanism. A short time thereafter the automobile started rolling backwards down the grade and smashed into the store of the plaintiff, causing him damages in his property. There was uncontradicted evidence tending to show that when the defendant left his automobile the engine was stopped, the ignition turned off, and "the speed left in neutral"; and that the emergency brake was a pull brake, working on a spring handle fastened to the dash board; "to operate, the handle is pulled to the operator of the car and turned sideways to catch; to release, it is turned back and it springs back into place releasing the brake. A very slight touch is sufficient to release the brake." There was testimony that the grade of the street was six and fifty-seven one hundredths per cent, and that when the defendant returned some time

afterward he got into the automobile and drove away; but there was no evidence to show whether at the time of his return "the emergency brake was on or off."

There was a specific finding that the defendant did not use proper care in parking his automobile on a grade. A request for a ruling that the defendant was liable under the rule of *res ipsa loquitur* was granted. There was a general finding for the plaintiff.

There was evidence sufficient to support the finding of negligence on the part of the defendant.

The unexplained automatic starting of a machine from a state of rest into motion, when according to its mechanical construction it ought to remain still, is evidence not only of some defect or want of repair in the machine but also of negligence in failing to discover and remedy such defect or want of repair, even though the details of such defect or want of repair may not be shown by the evidence. To this extent the doctrine of *res ipsa loquitur* has been established with respect to the relation of master and servant at common law. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 190, 191. *Chiuccariello* v. *Campbell*, 210 Mass. 532, 535. *Cook* v. *Newhall*, 213 Mass. 392, 394.

In reason this principle is also applicable to the unexplained starting of an automobile when parked and left alone. It is not usual for automobiles thus left to begin to move and to gain momentum. That is an extraordinary and not a common event. Conceivably it might occur through the intervention of some extraneous factor or an intermeddling human agency; but in the common experience of mankind it would not happen unless there was some fault on the part of the person who left the automobile, in failing to set the brake sufficiently tight or to block the automobile or to rest it against the curb or to chain its wheels or to stop its engine or in some other particulars to take precautions essential to its security and permanence in position. The mere happening of a collision on the highway is no evidence of negligence of a defendant and does not warrant the invocation of the doctrine of *res ipsa loquitur*.

*Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, and cases there collected. *DiLeo* v. *Eastern Massachusetts Street Railway*, 255 Mass. 140. *Bartlett* v. *Town Taxi Inc.* 263 Mass. 215, 219. *Curtin* v. *Boston Elevated Railway*, 194 Mass. 260, 264. The circumstances in the case at bar are different in nature. The grade of the street demanded caution. What happened was the natural result of leaving the automobile without setting the brakes sufficiently tight or otherwise securing it in a fixed position. There was no error in ruling that the doctrine of *res ipsa loquitur* was applicable. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 36. *St. Louis* v. *Bay State Street Railway*, 216 Mass. 255, 257. *Burns* v. *Holyoke Street Railway*, 253 Mass. 443.

Whether there has been negligence must be ascertained with reference to all the circumstances, one of which is the consequence likely to ensue in the event that the instrumentality in question escapes control. There is slight opportunity for protection of the individual or of the public against the dangers of an automobile rolling down hill without a driver. In the case at bar the automobile was left on a grade with its rear end protruding into the street, without being blocked or resting against the curb or having the wheels chained together or to any other part of the machine, and with nothing to secure it except the brake. It was fairly inferable that the defendant expected and intended his two companions to seat themselves on the back seat of the automobile. After they had been thus seated, the automobile started to move. It seems unlikely that any evil-disposed person set the automobile in motion while two people were in it. The plaintiff was not required to introduce evidence of specific negligence when all the facts point to carelessness as the rational explanation of the event complained of. *McNicholas* v. *New England Telephone & Telegraph Co.* 196 Mass. 138, 141. *Magee* v. *New York, New Haven & Hartford Railroad*, 195 Mass. 111, 113. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54, 55. The finding of negligence cannot be pronounced unwarranted as matter of law. *Dorne* v. *Adams*, 243 Mass. 438. *Kirsch* v. *J. G. Riga & Sons, Inc.* 264 Mass. 233.

The order of the Appellate Division is reversed and judgment is to be entered for the plaintiff on the finding of the trial judge. G. L. c. 231, § 125. *Loanes* v. *Gast,* 216 Mass. 197, 199.

*So ordered.*