William McFarlane *vs.* Edna F. McCourt.

Sybil McFarlane *vs.* Same.

Sybil McFarlane *vs.* Same.

Emile Charron *vs.* Same.

Essex.   May 14, 1936. — July 1, 1936.

Present: Crosby, Field, Donahue, Lummus, & Qua, JJ.

*Negligence*, Res ipsa loquitur.

A specific finding by a judge, warranted by the evidence, that the defendant was not negligent, rendered immaterial the applicability of the doctrine *res ipsa loquitur*.

Four actions of tort.   Writs in the District Court of Southern Essex dated April 11, 1935, originally against John L. McCourt and afterwards, by amendment, against Edna F. McCourt.

The actions were heard together by *Reeve*, J., who found for the defendant in each action.   A report to the Appellate Division for the Northern District was ordered dismissed.   The plaintiffs appealed.

The cases were submitted on briefs.

*F. A. Cashman*, for the plaintiffs.

*J. W. Sullivan, A. V. Sullivan & J. F. Doyle*, for the defendant.

Crosby, J.   These are actions of tort arising out of a collision between two motor vehicles.   The declaration in each case alleges that the defendant negligently controlled or operated a motor vehicle and that the said negligence was responsible for the accident.   The defendant's answer was the same in each case, consisting of a general denial and a denial of agency, and pleas of contributory negligence and the statute of limitations.   It was agreed by the plaintiffs and the defendant, through counsel, that the automobile which is alleged to have caused the damages complained

of, was properly registered in the name of John L. McCourt, and was owned by him. After the filing of a "Memorandum of Decision" in these cases in which the judge found for the defendant John L. McCourt in each case on the grounds that "The defendant was not the operator of the automobile nor was it being operated by an individual acting as his agent or servant," the plaintiff in each case filed a motion to amend the writ and declaration by substituting Edna F. McCourt for the original defendant. The motions were allowed, and later Edna F. McCourt, wife of John L. McCourt, was substituted as defendant.

The judge found the following facts: On March 16, 1935, the four plaintiffs were riding in an automobile on Pond Avenue, in Brookline, at about ten o'clock in the morning. The plaintiff Charron was operating the automobile. The residence of John L. McCourt, the original defendant, was situated at the right of the operator of the automobile as it was proceeding on Pond Avenue. A driveway with a tar application extended sixty-five feet from the street line to a garage on the McCourt premises, and was on a three or four per cent grade. As the plaintiffs, proceeding at a reasonable rate of speed, approached the driveway and were adjacent to it, an automobile owned by the original defendant backed out of the driveway onto Pond Avenue without any warning, and collided with the automobile in which the plaintiffs were riding, injuring them and damaging the automobile. All the plaintiffs were in the exercise of due care. There was no mechanical defect in the McCourt automobile. The judge further found that on the morning of the accident the wife of the original defendant had occasion to use the automobile; that upon her return she drove it into the garage, in second speed, and stopped it after it had entered; that she turned off the switch and left the automobile in second speed; that the door of the garage was left open; that the threshold was one half to three fourths of an inch above the floor; that she put on the emergency brake; that in order to move the automobile anyone would have to start it; that after she entered the house, her child Tom, who was three years and nine months

old, got into the automobile; that shortly thereafter it
rolled out of the garage with the child sitting on the front
seat with his hands on the steering wheel; that after the
collision he told his sister, aged nine, that he "wanted to
get the automobile out"; and that it rolled backward
down the driveway and collided with the automobile in
which the plaintiffs were riding.*

The judge found for the defendant in each of the four
cases.  As the plaintiffs claimed to be aggrieved by the
refusal of the judge to grant their requests for rulings, by
the granting of requests filed by the defendant, and by
the refusal of the judge to enter judgment for the plaintiffs
on the facts found, the judge reported the cases to the
Appellate Division, which decided that there was no preju-
dicial error respecting the disposition by the trial judge of
the requests for rulings filed by both parties, and ordered
the report dismissed.

It is the contention of the plaintiffs that their requests
for rulings should have been granted, and in particular
they contend that the rule of *res ipsa loquitur* is applicable
and controls these cases.  Where the owner of an auto-
mobile parked it facing up hill on a street with a grade of
six and fifty-seven one hundredths per cent, with the rear
wheels a little distance from the curb and the front wheels
turned toward the curb, stopped the engine, placed the
gears in neutral, set the emergency brake, and left the
automobile without its wheels being chained together, or
to any other part of the machine, and before he returned
his sister and a friend seated themselves in the rear part of
the automobile, and shortly thereafter it rolled backward
down the street and collided with a store of the plaintiff,
this court held that the doctrine of *res ipsa loquitur* was
applicable.  *Glaser* v. *Schroeder*, 269 Mass. 337.  Whether
this doctrine is applicable in the present cases need not be
decided in view of the express finding of the trial judge

---

* Among specific findings by the trial judge in his report were the following:
"I do not find as a fact that the son of the defendant touched any mechanical
part of the automobile which resulted in the moving of the automobile . . .
the court finds that there was no mechanical defect in the automobile and
that the defendant Edna F. McCourt was not negligent."— REPORTER.

that there was no negligence on the part of the defendant Edna F. McCourt. See *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234; *Fitzmaurice* v. *Boston, Revere Beach & Lynn Railroad*, 256 Mass. 217. The defendant, in order to rebut an inference of negligence which might otherwise arise from the starting of the car, was not called upon to account satisfactorily for the accident. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 536. *Webber* v. *Old Colony Street Railway*, 210 Mass. 432, 442. Where, as here, there is no express finding that the defendant's child Tom started the automobile, the question of the defendant's responsibility for the conduct of the child is not in issue. The general findings for the defendant Edna F. McCourt in the four cases were warranted upon the evidence. The refusal of the trial judge to give the requests of the several plaintiffs need not be considered in detail. No prejudicial error appears by reason of their refusal, or by reason of the granting of the requests of the defendant.

*Order dismissing report affirmed.*