Wilson, J.
This was an action of tort for negligence, whereby oil was thrown or sprayed upon the plaintiff’s house and lawn.
The evidence, in its aspect most favorable to the plaintiff, tended to prove that the defendant’s servants or agents were engaged in delivering crushed stone in connection with the construction or repair of the street upon which the plaintiff’s house was located; that in transporting said stone, the defendant was using an automobile truck with a dump body, which is mechanically tilted in the process of unloading by means of a hydraulic lifting device. As a part of said device is a hose, constructed of rubber, reinforced with wire and known as a high pressure hose, through which oil is pumped by the motor of the truck; that the pressure of the oil is equalized so that the speed of the motor does not effect the pressure of the oil passing through the hose. The equipment was purchased by the defendant, new, three to four months prior to the accident. That while the hydraulic *560 lifting device was being operated in the vicinity of the plaintiff’s house the hose burst, the hole being about one inch long and the light oil, used as the hydraulic fluid, was sprayed under pressure in a thin stream upon the house, awnings, lawn and shrubbery of the plaintiff doing the damage complained of.
The trial court found for the plaintiff.
The defendant seasonably presented the following seven-requests for rulings, all of which were refused by the trial court:
1. On all the evidence the finding should be for the defendant.
2. On all the evidence the doctrine of res ipso loquitur does not apply.
3. On all the evidence there is no just ground for a reasonable inference that according to ordinary experience the accident complained of would not have occurred without negligence of the defendant.
4. On all the evidence the plaintiff has not sustained the burden of proof of showing negligence on the part of the defendant, its agents or servants.
5. Where the evidence shows that the plaintiff owned a house on the street where the accident occurred and that the defendant its agents and servants were engaged in delivering crushed stone on this street in connection with the construction or repair of the street; that the accident arose out of the use of an automobile truck known as a semi-trailer with a dump body, that the dump body is mechanically tilted in the process of unloading the crushed stone; that this is effected by means of a hydraulic lifting device under the dump body which is activated by means of oil supplied under pressure to it through a hose constructed of rubber reinforced with wire and known as a high pressure hose leading from an oil pump under the cab of the motor truck to the hydraulic lifting device; that the pump is brought into operation by means of a lever whereby the motor of the automobile operated the pump; that excessive speed of the motor by means of stepping *561 on the throttle would have no effect upon the pressure of the oil because the pump is so constructed and controlled by governors that the pressure of the oil from the pump would remain constant although the speed of the motor might fluctuate; that the equipment was purchased new three to four months prior to the accident; that the hose appeared to be all right; that on the date and at the time in question, while the hydraulic lifting device was being operated the hose itself burst in a spot about one inch long and that the light oil used as the hydraulic fluid escaped under pressure in a thin stream and became sprayed on the house of the plaintiff in certain spots upon the awnings of the plaintiff, lawn and shrubbery and Avhere the court and plaintiff are satisfied that the accident happened in the manner described in the doctrine of res ipso loquitur is not applicable and the finding should be for the defendant, where there is no evidence other than above set forth.
6. Where all the evidence on the question of liability merely shows the facts set forth in the previous request, the plaintiff is not excused from going further Avith the evidence and must show proof of further facts from which negligence on the part of the defendant, its agents or servants may be properly inferred.
7. Where the evidence does not show any conduct on the part of the defendant, its agents or servants in the nature of failing to take reasonable precautions by inspection or otherwise, and where the evidence does not shoAv that the said hose was exposed to any wear or tear while in use then there is no just ground for a reasonable inference that according to ordinary experience the hose would not have burst without negligence of the defendant and the doctrine of res ipso loquitur would not apply.
The first request was properly refused. It does not contain the specification required by Bule XXVII. Buies of District Courts (1932) XXVTI. Holton v. American Pastry Products Co., 274 Mass. 268.
*562 The remaining requests directed the attention of the trial court to the application of the doctrine of res ipso loquitur to the ease at bar.
That doctrine was stated by Wait, J., in Washburn v. R. F. Owens Co., 252 Mass. 47, 54, as follows:
“Where common experience teaches that an accident would not have taken place under the circumstances disclosed by all the observed facts with the fair inferences from them, if every person concerned had acted with reasonable care, then the happening of the accident furnishes, in itself, some proof of negligence. If the obvious neglect is that of the defendant or some one for whose neglect he is in law answerable, a plaintiff has made out a prima facie case of negligence when the evidence shows such a situation. He is not compelled to go further and point out the particular act of carelessness.”
In the instant ease the hose “constructed of rubber, reinforced with wire and known as a high pressure hose, leading from an oil pump under the cab of the motor truck to the hydraulic lifting device, burst. ’ ’ The pump was operated by means of a lever, whereby the motor of the automobile operated the pump. In our opinion common experience teaches that such an occurrence would not have taken place “if every person concerned had acted with reasonable care.” The motor truck and hoisting apparatus and the lever controlling the same were wholly within the control of the defendant, its servants or agents. Thus both the essentials for the application of the doctrine of res ipso loquitur were present. The evidence certainly justifies, though it may not require a conclusion, that the defendant, his servants or agents, having sole control of the truck and apparatus, was negligent. Vincent v. Norton & Taunton St. Railway, 180 Mass. 104. Doherty v. Booth, 200 Mass. 522, 525. Washburn v. R. F. Owens Co., 252 Mass. 47. See also Cushing v. Jolles, Mass. Adv. Sh. (1935) 1975,1976. Rockwell v. *563 McGovern, 202 Mass. 6. McNamara v. Boston & Maine Railroad, 202 Mass. 491, 495. We therefore, conclude that the doctrine of res ipso loquitur is applicable here.
It was said in Wilson v. Colonial Air Transport Inc., 278 Mass. 420, 425:
“It is to be noted that the presumption raised in favor of the plaintiff by the application of the doctrine of res ipso loquitur is one of evidence and not of substance, and that the burden of proof remains during the trial upon the plaintiff. ”
And where the doctrine applies, it was said by Lummus, J., in Roscigno v. Colonial Beacon Oil Co., Mass. Adv. Sh. (1936) 915:
“If it does, the burden of proof of negligence remains on the plaintiff, Fitzmaurice v. Boston, Revere Beach & Lynn Railroad, 256 Mass. 217, 218; Gilchrist v. Boston Elevated Railway, 272 Mass. 346, 352, 353; and the tribunal of fact is never required to conclude that there was negligence, by dint of technical presumption, Brown v. Henderson, 285 Mass. 192, or treatment of the occurrence as prima facie evidence within the definition of that expression in Hoar v. LeGrand, 268 Mass. 582, and Thomas v Meyer Store Inc., 268 Mass. 587. The rule of res ipso loquitur merely presents the tribunal of fact, if it sees fit, in the abséuce of a finding of the specific cause of the occurrence, to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent. ’ ’
The occurrence here described presented a situation where an explanation was due if something other than negligence was the cause of the happening. Washburn v. R. F. Owens Co., 252 Mass. 47, 54. McNicholas v. New Eng. Tel. & Tel. Co., 196 Mass. 138,141.
The record before us does not indicate that any evidence was offered by the defendant that the truck or its hoisting apparatus was purchased from a recognized dealer or *564 manufacturer, as in Fitzmaurice v. Boston, Revere Beach & Lynn Railroad, 256 Mass. 217, or Burnham v. Lincoln, 225 Mass. 408, 409; nor that the same had been recently inspected, as in Lutolf v. United Electric Light Co., 184 Mass. 53, 57, and Fitzmaurice v. Boston, Revere Beach & Lynn Railroad, supra. In the absence of some explanation, the presumption raised by the application of the doctrine of res ipso loquitur was sufficient to support the general finding for the plaintiff.
It seems clear that the trial judge was not in error in refusing the defendant’s requests numbered 2, 3, 4, 5, 6 and 7.
It is also to be noted that the report does not purport to contain all the evidence material to the issues of law raised thereby.
The burden is on the appealing party to see to it that the report “includes all that is necessary to enable us to decide whether the rulings, of which he complains, were or were not erroneous.” Posell v. Herscovitz, 237 Mass. 513, 517.
It was said in Thayer v. Thayer, 277 Mass. 256, 260:
“No presumption can be indulged in favor of an appealing party who fails to cause to be set out in the record enough to show harmful error which has effected his substantial rights.”
See also McDonald v. Adamian, Mass. Adv. Sh. (1936) 851, 854. Commonwealth v. McIntosh, 259 Mass. 388, 391. That principle is settled, salntory and not infrequently applied. Swistak v. Paradis, 288 Mass. 377, 380.
The record discloses no prejudicial error and the report is dismissed.