PHILLIP J. PELLAND *vs.* ENRICO D. D'ALLESANDRO.

Middlesex.    April 10, 1947. — June 4, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Negligence,* Motor vehicle, Res ipsa loquitur, Contributory.

Evidence merely that the owner of an automobile parked it in a lot having a rough dirt surface and a "distinct grade down from the . . . lot toward" an adjacent highway not over twenty feet distant, and that within a few minutes after it was parked it rolled down to the highway and there struck a passing automobile, warranted a finding of negligence on the part of the owner.

Evidence that the owner of a lighted automobile was driving it on a clear night on a down grade and on his right side of the highway at the rate of thirty to forty miles per hour when he noticed a black object coming from a roadside eating place set back in a grove on his left, and that the black object, another automobile, proceeding on its own momentum, struck the middle of his automobile and damaged it, did not require a ruling that he was guilty of contributory negligence.

TORT.    Writ in the District Court of Lowell dated February 19, 1943.

The case was heard by *Walsh,* J.

*B. H. Seron,* for the defendant.

*J. A. McNiff,* for the plaintiff.

DOLAN, J.    This is an action of tort to recover compensation for damage to the plaintiff's automobile alleged to have been caused by the defendant's negligence. The trial judge found for the plaintiff, and the case now comes before us on the defendant's appeal from the order of the Appellate Division dismissing the report.

There was evidence as follows: On the night of July 6, 1941, the plaintiff was operating an automobile owned by him on the Boston Road at a point between Bedford and Chelmsford. He was proceeding on the right hand side of the road at a speed of about thirty to thirty-five miles an hour. It was a clear night, and the lights of the plaintiff's automobile were on. The plaintiff approached, on a "down

grade" at a rate of speed of thirty to forty miles an hour, a roadside eating place called the Chateau, which was on his left hand side of the road, when he noticed a black object coming from the location of the Chateau. He applied the brakes of his vehicle and endeavored to stop, but the object, a sedan, rolled down into the road and struck the middle of the plaintiff's automobile, throwing it against a fence. As a result both sides of the plaintiff's automobile were demolished. Immediately thereafter the defendant and another man came out from the Chateau, and the defendant stated that the vehicle which had struck that of the plaintiff "belonged to him," that he had just parked it a few minutes before, and that he could not understand how it had rolled down. The defendant had not locked his vehicle when he parked it, but he had taken the keys with him when he went into the Chateau. The road approaching the place of the accident was straight for two or three hundred yards. The Chateau was set back in a grove. The parking space from which the defendant's automobile came was not over twenty feet from the highway and had a rough dirt surface, and there was a "distinct grade down from the parking lot toward the highway."

At the close of the evidence the defendant filed seven requests for rulings, four of which were refused by the judge, who made findings of fact substantially in accord with the evidence set forth above, and also found that the plaintiff was in the exercise of due care and that the accident was caused by the defendant's negligence. The judge also denied the defendant's motion for a new trial.

In his brief the defendant has not identified in terms any of the requests for rulings by the denial of which he claims to be aggrieved, but has argued in general terms that there was no evidence as "matter of law . . . sufficient to warrant a finding for the plaintiff and as . . . matter of law to warrant a finding that the defendant was negligent." We take this argument to be addressed to the defendant's first request for a ruling (refused by the judge) that the "plaintiff has not presented sufficient evidence to warrant

a finding in his favor." The denial of that request was not erroneous. So short an interval had elapsed between the time when the defendant left his unlocked automobile on a down grade in the parking space and the time when it rolled down into the highway, of its own momentum so far as appears, and struck the plaintiff's vehicle, that the judge could infer properly that this happening was due to the negligence of the defendant. As was said by the court in *Glaser* v. *Schroeder,* 269 Mass. 337, 339, "It is not usual for automobiles thus left to begin to move and to gain momentum. That is an extraordinary and not a common event. Conceivably it might occur through the intervention of some extraneous factor or an intermeddling human agency; but in the common experience of mankind it would not happen unless there was some fault on the part of the person who left the automobile, in failing to set the brake sufficiently tight or to block the automobile or to rest it against the curb or to chain its wheels or to stop its engine or in some other particulars to take precautions essential to its security and permanence in position." The plaintiff was not required to show that a specific negligent act or omission of the defendant was the cause of the defendant's automobile starting down from the parking space to the highway. It was enough that the evidence in the instant case warranted the inference that negligence of the defendant was the cause. That inference was not negatived by evidence of any other cause of the happening. *Fone* v. *Elloian,* 297 Mass. 139.

There was no error in the denial of the defendant's requests for rulings to the effect that contributory negligence on the part of the plaintiff barred recovery. The burden of establishing contributory negligence rested on the defendant. G. L. (Ter. Ed.) c. 231, § 85. As to that subject matter the evidence did not require the judge to grant those rulings but presented a question of fact for his determination. His finding that the plaintiff was in the exercise of due care cannot be pronounced unsupported by evidence and must be accepted as final. See *Castano* v. *Leone,* 278 Mass. 429, 431–432; *Hebb* v. *Gould,* 314 Mass. 10, 15;

*Russell* v. *Berger,* 314 Mass. 500, 502–503; *Edwards* v. *Warwick,* 317 Mass. 573, 575–576.

The denial of the defendant's motion for a new trial has not been argued by him.

*Order dismissing report affirmed.*