HELEN LITOS *vs*. THOMAS M. SULLIVAN
(and a companion case [1]).

Bristol.    October 27, 1947. — December 31, 1947.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Negligence*, Motor vehicle.    *Practice, Civil*, Trial of actions together.

Evidence warranted a finding that an automobile's rolling down the sidewalk of a street and striking a pedestrian, which occurred several hours after it had been parked by its owner at the side of the street on a steep down grade and more than an hour after a flat rear tire had been repaired there by a garage man, was due to negligence of the owner in the manner of parking it, but did not warrant a finding that the garage man did anything which contributed to the accident or that he was negligent.

On the record of the trial together of two actions, one against each of two defendants, for personal injuries sustained by the plaintiff in a single accident alleged in each action to have been caused by negligence of the defendant therein, there was no inconsistency in verdicts for the plaintiff in both actions.

TWO ACTIONS OF TORT.    Writs in the Superior Court dated October 14, 1943.

The actions were tried together before *Morton*, J.

*G. W. Walsh*, for the defendant Sullivan.

*W. J. Fenton*, for the defendant J. Mossoff & Son.

*W. A. Torphy*, for the plaintiff.

QUA, C.J.    These two actions of tort by the same plaintiff against different defendants come here, after verdicts for the plaintiff, on a separate bill of exceptions by the defendant in each case.    The two bills do not set forth

---

[1] The companion case is that of the same plaintiff against "J. Mossoff & Son, a corporation organized by law."

exactly the same evidence, but it was agreed at the argument before us that both bills might be considered in each case.

On June 17, 1943, the defendant Sullivan parked his automobile on William Street in Fall River facing down hill. The grade of the street was from twelve to fifteen per cent. At about half past three that afternoon, the plaintiff, who was walking up William Street, was struck by the automobile, which was then rolling down the street on the sidewalk without a driver. The defendant Sullivan testified that he had parked the automobile at about ten o'clock in the morning; that it had remained there until the time of the accident; that he cramped his wheels at an angle "toward the building" at a point where the grade of the street was "about flat or even with the curbing"; that he set the emergency brake, which had no defect of which he was aware, and which operated perfectly; that he "put the car in reverse"; and that when it came to rest after the accident the emergency brake "was exactly the same way that he had left it." There was other evidence that the emergency brake was set and that it was in good condition. The defendant Sullivan further testified that he could not tell what position the gears and brake were in after the accident, and that his automobile would move forward, even "in reverse with the brakes off." No question of contributory negligence has been raised or could have been raised on the evidence.

In this state of the case, apart from evidence of acts of the defendant J. Mossoff & Son to be stated later in this opinion, there was no error in sending to the jury the case against the defendant Sullivan. He had parked his automobile on a very steep grade at a point where the curb would not hold it. The jury were not obliged to believe that he had properly set his brake or had put his gear in reverse; or on his own testimony they could believe that his automobile might start, even if the gear was in reverse, if the brake were not tightly set. They could find that he had placed his automobile in a position involving great risk; that a corresponding degree of care was required; and that on the whole it was more probable that the automobile started down hill wholly

or partly because he had failed to exercise such care than from any independent cause which he could not have anticipated and for which he was not responsible. The case up to this point falls within the authority of a number of decisions. *Dorne* v. *Adams*, 243 Mass. 438. *Kirsch* v. *J. G. Riga & Sons, Inc.* 264 Mass. 233. *Glaser* v. *Schroeder*, 269 Mass. 337. *Pelland* v. *D'Allesandro*, 321 Mass. 387. See *Fone* v. *Elloian*, 297 Mass. 139, 141; *Burnett* v. *Conner*, 299 Mass. 604.

But the defendant Sullivan contends that he is not liable because there was evidence that between one and two o'clock in the afternoon he noticed that one of the rear tires of the automobile was flat and had it repaired by the defendant J. Mossoff & Son, which operated a garage across the street. Sullivan contends that the Mossoff company might have left the automobile in an insecure position. A sufficient answer to this contention is that the jury could believe, wholly or in part, the testimony of the employee of the Mossoff company who was in charge of repairing the tire, which in substance was that he did not move the automobile from the position in which Sullivan had left it; that only one rear wheel was jacked up; that a block was put under the left front wheel; that it was not necessary to release the emergency brake in order to get the rear wheel off; that he did not release it; that he did nothing to the brake except to try it "to see if it was up and it would not go up any farther"; and that he did not touch the gear shift lever. The jury could find that the Mossoff company did nothing that affected the existing conditions, and that the accident did not occur until more than an hour after its employees had finished their repair work. The jury could eliminate the Mossoff company from the case by finding that it had nothing to do with causing the accident, and the case against Sullivan would then stand in the same posture as if there had been no tire repair. See *Trim* v. *Fore River Ship Building Co.* 211 Mass. 593, 595; *Ruffin* v. *Coca Cola Bottling Co.* 311 Mass. 514, 516–517.

Moreover, we are unable to discover any evidence upon which the case against J. Mossoff & Son could properly be

submitted to the jury. It is of course possible that Mossoff's men did something to the automobile that made it more likely to roll down hill. But possibility is not proof. All the evidence on the subject, as far as it went, was to the effect that they did nothing that contributed to the accident. If the jury disbelieved this evidence there was still nothing in the nature of affirmative proof that Mossoff's men did anything that caused or contributed to the accident. See *Burwick* v. *McClure,* 318 Mass. 626, 629. They had not parked the automobile in its dangerous position. They were under no obligation to leave it any safer than they found it. It was not in their general possession or control. The mere fact that it started down hill an hour or more after they left it but a much longer time after the owner left it does not, in the circumstances of this case, seem an adequate basis for a finding that they did anything that increased the risk. We think that such a finding would rest upon nothing better than conjecture.

The defendant Sullivan makes the further contention that the jury's verdict against him cannot stand because the jury did also find against the defendant J. Mossoff & Son, and must therefore have believed that the Mossoff men were negligent. Sullivan insists that this was inconsistent with the verdict against him. We assume, without deciding, that Sullivan has properly saved this question, but we do not follow his reasoning. If there had been evidence that J. Mossoff & Son was at fault, a verdict against that defendant would not necessarily preclude a verdict also against Sullivan. Negligence of both defendants could have contributed to cause the accident. It must be assumed that proper instructions were given to the jury as to the grounds upon which Sullivan could be held (*Goltz* v. *Besarick,* 313 Mass. 14, 16), and that the jury followed those instructions. *Bessey* v. *Salemme,* 302 Mass. 188, 210–211. The fact that they returned a verdict against J. Mossoff & Son on evidence which we think was insufficient to warrant that verdict does not show that there was error in finding a verdict against Sullivan on the substantial evidence of his negligence which appears in the record. Each case must

stand or fall on its own merits. It is the common instance where two cases arising out of the same accident are tried together and there is evidence for the jury in one case and not in the other.

In *Litos* v. *Sullivan* the exceptions are overruled. In *Litos* v. *J. Mossoff & Son* the exceptions are sustained, and judgment is to be entered for the defendant.

*So ordered.*