Hobson, J.
This is an action of tort in which the plaintiff seeks to recover for damages to his motor vehicle alleged to have been caused by the negligence of the defendant. The answer is a general denial, an allegation of contributory negligence, denial of agency, statute of limita *80 tians, and the allegation that the plaintiff’s motor vehicle was illegally registered.
The trial judge made the following finding of facts:
“The daughter of the plaintiff with his authority and consent used his car on April 23, 1947, the night of the accident, which gave rise to this suit. She parked it on the easterly side of Court Hill, so called, a public highway, opposite the foot of State Street. She returned about 11 P. M. and found it wrecked.
State Street is approximately 475 feet long and is on a steep grade, running generally east and west from Harvard Street to Court Hill. The grade varies from 10% to 12%. The street is 35 feet from curb to curb, and Court Hill is a little narrower.
Prior to 7:30 P. M. the defendant parked his car at the top of State Street and went into the Natural History Museum, in front of which he had parked, to attend a meeting of the Boy Scouts. The meeting concluded about 9:00 P. M. and as the defendant left at the conclusion of the meeting he learned the accident had just happened. Some of the boys had previously left the meeting. The accident occurred about 9:00 P. M. When the defendant’s car was examined immediately after the accident the hand brake was not set. The accident was caused by the defendant’s car rolling from the place where it had been parked down State Street across Court Hill and into the car of the plaintiff.
There was corroborated evidence that the defendant had parked his car on the northerly side of State Street heading down hill and at that point the grade was about 10% and that he set his hand brake and turned the front wheels toward the curb. In view of this evidence and more especially in view of the fact that the accident did not happen until approximately 1% hours after the car had been parked, I decline to draw the inference that the de *81 fendant negligently parked his car or that the accident was due to defective equipment.
I find the plaintiff has not maintained the burden of estabfishing the negligence of the defendant and therefore find for the defendant. ’ ’
At the close of the trial and before final arguments the plaintiff filed eleven requests for rulings of law. The judge granted requests numbered 3, 4, 7 and 10, which were as follows:
“ (3). The plaintiff is not required to show that a specific negligent act or omission of the defendant was the cause of the defendant’s automobile starting down from its parked position to the place where it came in contact with the plaintiff’s motor vehicle. (4). The plaintiff is entitled to recover if the evidence warranted the inference that negligence of the defendant was the cause of the accident. (7). In the absence of a finding of the specific cause of the occurrence of the accident, the tribunal of fact may infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent. (10). If the court finds that the accident in question was one which, in common experience, would not have happened under the circumstances disclosed by all the observed facts with the fair inferences from them, if every person concerned had acted with reasonable care; then the happening of the accident furnished, in itself, some proof of negligence. ’ ’
He refused to grant requests numbered 1, 2, 5, 6, 8, 9 and 11. Request No. 9 read as follows:
“(9). The evidence'warrants the application the doctrine of res ipso loquitur.”
The plaintiff stated in his brief that requests numbered 1, 2, 5, 6, 8 and 11, which were denied, were of a similar nature to request No. 9 and were to the effect that the evidence *82 was sufficient to warrant a finding for the plaintiff, that the defendant was negligent, that the plaintiff was not required to show specific negligent acts on the part of the defendant, and that the unexplained starting of the defendant’s automobile was evidence of negligence.
At the hearing before us the plaintiff argued only the refusal of the judge to grant his request No. 9, above set forth.
The report contains no evidence of any specific acts of negligence on the part of the defendant and there is no finding by the judge of any such specific acts of negligence.
The question is does the rule of res ipso loquitur apply to the case. While this question may not be entirely free from doubt, in view of the decisions of the Supreme Court in Roscigno v. Colonial Beacon Oil Company, 294 Mass. 234; Fitzmaurice v. Boston Revere Beach etc. Railroad, 256 Mass. 217; and McFarlane v. McCourt, 295 Mass. 85, there being evidence offered by defendant that he had parked the car, heading downhill, and had set his hand brake and turned the front wheels toward the curb, and there being a finding by the judge, which we believe was in substance that the defendant was not shown to have been negligent (herein later discussed), still we are of the opinion, in view of the decision in Glaser v. Schroeder, 269 Mass. 337, that the rule of res ipso loquitur does apply in this case.
The application of this rule, however, merely raises a presumption in favor of the plaintiff, which presumption is one of evidence and not of substance. Wilson v. Colonial Air Transport, Inc., 278 Mass. 420 at 425. The burden of proof of negligence remains on the plaintiff and the judge is not required to conclude that there was negligence by reason of any technical presumption or by any force of the occurrence as prima facie evidence. All that the rule of res ipso loquitur does is to permit the tribunal of fact, if it sees fit, in the absence of a finding of the specific cause *83 of the occurrence, to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent. Roscigno v. Colonial Beacon Oil Company, 294 Mass. 234. The tribunal of fact is not compelled to draw such an inference.
We believe that, upon the evidence stated in the report, the judge could have drawn the inference that the defendant was negligent. Therefore, the plaintiff’s ninth request should have been given, unless that request became immaterial by findings upon the facts. Bresnick v. Heath, 292 Mass. 293 at 298; Horton v. Tilton, 1949 Mass. Adv. Sh. 1135; Connell v. Maynard, 322 Mass. 245, and cases cited therein.
In Connell v. Maynard the court says: “In this case the judge did make a finding of fact that rendered the requested ruling inunaterial. The judge found that ‘the manner in which the accident occurred is a matter of conjecture.’ The burden was upon the plaintiffs to prove by a preponderance of the evidence that the accident was caused by negligence of the defendant. Matters that are left so doubtful that there is no preponderance either way are not proved in the legal sense. The finding of the judge was in substance that the defendant was not shown to have caused injury to the plaintiff by any negligence.”
In the case at bar the judge expressly states “I find that the plaintiff has not maintained the burden of establishing the negligence of the defendant and therefore find for the defendant.” This finding was in substance that the defendant was not shown to have caused damage to the plaintiff’s automobile by any negligence. It was a finding of fact which made the plaintiff’s ninth request and the other allied requests, which were refused, immaterial, and there was no prejudicial error in their denial.
Further, it is to be noted that the judge granted the plaintiff’s requests numbered 3, 4, 7 and 10, heretofore set forth. *84 In granting these requests it is apparent that the judge actually gave consideration to the doctrine of res ipso loquitur, notwithstanding his denial of the plaintiff’s ninth request and his other allied requests; and that his findings were not affected by his adverse rulings thereon. Since these findings required the ultimate finding for the defendant, under the law as stated in Brodeur v. Seymour, 815 Mass. 527 at 531, it is unnecessary to decide whether the judge dealt correctly with the requests which he denied.
We find no prejudicial error. The report should be dismissed.