*Northern District*

No. 4731

**TOBIAS COONEY**

v.

**GEORGE SPACK**

(May 17, 1954)

*Eno, J.* This is an action of tort by which the plaintiff seeks to recover damages caused to his automobile by the defendant.

The latter in addition to a general denial in his answer, alleged contributory negligence, illegal registration of plaintiff's automobile and the statute of limitations.

The reported evidence is substantially as follows:

The defendant parked his automobile, a 1941 Chevrolet, headed down an incline on Main Street, Gloucester, unattended, with the front wheels turned toward the curb. He had turned off the ignition, but the automobile was left in gear (which gear is not known). The weather was clear and the road dry. Sometime afterwards the automobile started rolling forward, crossed Main Street on a diagonal course, struck and damaged the plaintiff's automobile, continued down the grade, went up over the sidewalk and struck a building on the right hand side of Main Street. The emergency brake in the defendant's automobile is a pull brake which is operated by pulling it back toward the driver and is released by squeezing the hand grip. One Melvin Barratt, a police officer in the employ of the City of Gloucester, came to the scene of the accident and with three or four other men pushed the defendant's vehicle off the sidewalk and into the street. The officer then

observed the emergency brake, found that it was in a locked position and he released it. The officer tested the brake by squeezing the handle and found that it released very easily and did not know if the brake was on at the time of the accident.

The plaintiff testified "that the damage to his vehicle, a 1952 Ford Tudor sedan, was in the amount of $211.25; that he intends to pay this bill with funds of T. Cooney & Son, Inc.; that the automobile is registered in his name; that he operates an electrical contracting business under the name of T. Cooney & Sons, Inc.; that he uses this automobile in the business as well as for pleasure; that he considers the business as a part owner of the motor vehicle; that he reimburses the business for money spent by the business on the automobile; that should the corporation pay the repair bill he would reimburse it; that the corporation pays for the insurance on the automobile; that the plaintiff pays for some of the gas and oil and that the corporation pays for some of it; that on the day of the accident he was operating the motor vehicle and parked it on the street where it was struck by the defendant's vehicle and that there was no one in his automobile at the time of the accident."

There was no evidence that anyone touched the brake or any of the mechanism of the defendant's vehicle after he left it and prior to the accident.

The defendant objected to the following question to the police officer Barratt: "Did you examine the brake in the defendant's car?" Upon the admission of the evidence over the defendant's objection he answered, "I squeezed the hand grip and found that it released easily."

The defendant also presented the following requests for rulings:

"1. Upon all the law the evidence there must be a finding for the defendant.

2. There is no evidence of any negligence upon the part of the defendant.

3. The defendant in order to rebut an inference

of negligence which might otherwise arise from the starting of the car is not called upon to account satisfactorily for the accident. *Carroll v. Boston Elevated R.R.*, 200 Mass. 527; *Webber v. Old Colony R.R.*, 210 Mass. 432; *McFarlane v. McCourt*, 295 Mass. 85.

4. Upon all the facts a finding for the defendant is warranted. *McFarlane v. McCourt,* 295 Mass. 85.

5. Upon the facts in the instant case the doctrine of res ipsa loquitur does not apply."

The trial judge denied those numbered 1, 2 and 5 without giving any reasons; granted the 3d:

"as a proposition of law it is not applicable in this case. It is applicable in a case such as *McFarlane v. McCourt,* 295 Mass. 85 cited by the defendant where the Court made a finding that there was no negligence on the part of the defendant. However, in this case the court rules that the doctrine of res ipsa loquitur applies and negligence is inferred;"

and the 4th with the notation "but upon all the evidence the court finds for the plaintiff."

The court found for the plaintiff. The report states that it "contains all the evidence material to the questions reported."

The report is before this division on the denial of the defendant's first, second and fifth requests for rulings and on the admission of the objected evidence "upon which an oral report at the time was claimed."

To take this last matter first. The defendant having failed to comply with Rule 27 of the District Court Rules (1952) in not reducing "to writing in a summary manner" and filing "with the clerk within five days after the making" of the ruling admitting this evidence, the matter is not properly before us and we consider it as having been waived.

We note, however, that the defendant in his brief argues that this testimony should be considered as one of the factors in his favor.

Both parties have made reference in their briefs to the action of the trial judge on the plaintiff's requests for rulings. As nothing about them appears

in the report and since the defendant has not claimed a report on their allowance by the trial judge, they are not subject of review. For the same reason we do not consider the question of the alleged illegal registration of the plaintiff's automobile mentioned in defendant's brief since no request raising that question was presented by him.

We are, therefore, reviewing only his three denied requests.

The first request was properly denied since it contains no specification as required by Rule 27 of the Rules of District Courts (1952). *Magrath v. Sheehan*, 296 Mass. 263, 264.

The second and fifth requests properly raise the question whether or not the trial judge correctly ruled that the doctrine of res ipsa loquitur was applicable and finding negligence on the part of the defendant as an inference therefrom.

We think that he did. As was said in *Glaser v. Schroeder*, 269 Mass. 337, at 339, "the unexplained automatic starting of a machine from a state of rest into motion, when according to its mechanical construction it ought to remain still, is evidence not only of some defect or want of repair in the machine but also of negligence in failing to discover and remedy such defect or want of repair, even though the details of such defect or want of repair may not be shown by the evidence."

While it may be argued that the facts in the present case do not make as strong a case as those in the Glaser v. Schroeder case, we think that the doctrine of res ipsa loquitur also applies in the presest case. It follows then that the court's denial of defendant's fifth request and his finding for the plaintiff was correct. *Fone v. Elloian*, 297 Mass. 139; *Pelland v. d'Allesandro*, 321 Mass. 387, 389.

The trial judge could have inferred that the brakes were defective from the fact that at the bottom of the hill the police officer found the hand grip controlling them still in a locked position.

There being no prejudicial error in the denial of the defendant's requests, the report is to be dismissed.

Louis Albert, for the plaintiff.

Norman P. Mamber, for the defendant.