*District Court of Lawrence*
*Northern District*
No. 6297
**ROBERT R. MORIN** et al
**v.**
**JOSEPH FRAGELA** et al

Argued:————1966.    Decided:————1966

EXCELLENT COLLECTION OF CASES BY BROOKS, P.J. OF MOTOR VEHICLES ROLLING DOWN STEEP GRADES.

*Present:* Brooks, P.J. Connolly, Yesley, J.J.

Case tried to *Darcy, J.* in the District Court of Lawrence, Northern District

Brooks, P.J. This is an action in tort to recover for damage to plaintiffs' real estate caused by defendants' car rolling down hill and against plaintiffs' house. Defendants answered general denial, denial that the accident happened on a public way and that the damage to the plaintiffs' property was not caused by any person acting for defendants or by any person for whose negligence the defendants were legally responsible.

In response to defendants' motion for specifications, plaintiffs specified that defendants failed to properly secure and brake an automobile in their possession, custody, and control; that the defendants failed to properly secure lock and fasten brake locks on wheels on the defendants' car while it was parked on an incline; that the defendants failed to replace safety chuck blocks securely around the rear wheels of said vehicle while it was resting on an incline so as to prevent the movement of said vehicle or as is required by the provisions of the G.L. c. 90, §13.

There was evidence that on Sunday, August 16, 1964 at about 10 A.M. the female-defendant parked her car in the driveway on a slight in-

cline which became steeper as it approached the street. She pulled up the emergency brake and put the automatic gear in the "park" position. The windows were rolled up and the push buttons doors were closed.

Three or four hours later she heard a crash. On investigation she found the car against the front porch of plaintiffs' house across the street from defendants' driveway. Immediately following the accident, defendants' four year old daughter was found in the front seat of the car. The transmission was in neutral and the emergency brake had been released.

Following are plaintiffs' requests for rulings which were disposed of as hereinafter indicated.

1. Upon all the evidence, a finding is warranted that the defendant Theresa, the owner and last operator of the car involved in this accident is negligent. *Allowed.*

2. The law of res ipsa loquitor is applicable when there occurs the unexplained starting movement of an automobile that for a period of time prior to such starting and movement was in a parked position, with brakes secured, gear in position and for no apparent reason starts in motion, rolled down a downgrade and does damage to the plaintiffs' property. *Allowed, but the Court does not find such facts. See findings of facts. Poland v. D'Allesandro, 321 Mass. 390*

3. Under the application of the law of res ipsa loquitor, the plaintiff is not required to establish by a preponderance of the evidence a specific act or omission on the defendants' part which would identify the cause of the defendants' automobile being set in motion and doing damage to the plaintiffs' property when all the evidence itself points to the carelessness of the defendant, Theresa Fragela as the rational explanation of the plaintiffs' damage. *Allowed, as a principle of law. But the Court finds no carelessness or negligence.*

4. The fact the defendants introduced that a third party was in the car at the time it rolled down the defendants' driveway is not in and of itself sufficient to rebut the inference that is warranted, namely that the defendant Theresa Fragela's failure to properly secure her car was the cause of the damage to the plaintiffs' property. *Allowed. Litos* v. *Sullivan,* 322 Mass. 193; *Glaser* v. *Shroeder,* 269 Mass 337

5. A finding is required that the defendant, Theresa Fragela, did not properly secure, control, and check block her automobile in compliance with the express provisions of Mass. General Law Chapter 90 Section 13, and that said failure

was the proximate cause of damage to the plaintiffs' property and there is some evidence of defendants' negligence. *Allowed but the Court rules that violation of statutory (sic) law may be evidence of negligence but it is not conclusive and further rules that there was not any evidence on the part of the defendants.*

6. Evidence that an automobile is registered in the name of the defendant, Theresa Fragela, at the time this accident occurred is prima facie evidence that her automobile was being operated by and under the control of a person for which conduct she was legally responsible. *Allowed.*

7. A finding is required that the defendant, Theresa Fragela, parked her car on a grade sufficient to cause said vehicle to move of its own movement without applying chuck blocks securely placed around the rear wheels of said vehicle and that such failure is a violation of statute and the proximate cause of damage done to plaintiffs' property. *Denied.*

The court made the following finding of facts and found for defendants:

"The court finds no negligence on the part of the defendants. That the car was parked on level ground at the top of the

driveway. That the automobile after leaving the level ground of tar application went down a steep grade leading to the street.

"The Court finds no evidence of mechanical defect in the automobile; that the brakes were set sufficiently tight and the automobile was made secure in the parked position.

"The Court finds no evidence of negligence and that the doctrine of res ipsa loquitur does not apply."

Plaintiffs claim to be aggrieved by the court's findings that there was no evidence of negligence in the part of defendants and that the doctrine of res ipsa loquitur did not apply, and also by denying plaintiffs' requests #1 and #2.

It is obvious from the finding that the court believed that Mrs. Fragela had taken all necessary precautions to secure the car, despite which for some unknown reason it rolled down the driveway. The report states that there was evidence that defendant parked the car on a slight incline. The court found that the car was parked on level ground. Whatever the actual fact was, the car did start without any satisfactory explanation. There was no evidence as to what occurred during the three or four hours that the car remained in the driveway just before the accident. The fact that it stood there for that length of time suggests that whatever

defendant had done was not the immediate cause of the car starting to roll.

Plaintiff relies on the case of *Glaser* v. *Schroeder,* 269 Mass. 337, while defendant relies on *McFarlane* v. *McCourt,* 295 Mass. 85. In *Glaser* v. *Schroeder* defendant left his car on a perceptible grade in neutral and with the emergency brake set. Before his return, his sister and a friend entered the car and sat in the rear seat whereupon the car started rolling downhill. The trial court made a special finding that the defendant was negligent. The Supreme Judicial Court stated that it was fairly inferable that defendant expected the other two individuals to seat themselves in the back set. The court commented that the grade of the street demanded caution. Having in mind that the trial court had considered al the factors in the case and found defendant negligent, it could not, in so doing, be pronounced to be wrong as a matter of law.

In *McFarlane* v. *McCourt,* the car in which plaintiffs were riding on Pond Ave., in Brookline at about 10 A.M. collided with a car which was rolling out of defendants' driveway without warning. Mrs. McCourt, after using the car previously that morning, had left it in the garage in second speed after turning off the ignition with the emergency brake set. She had left the garage door open. Her child Tom, three years, nine months old, got into the driver's seat and had his hands on the wheel as the car rolled

backward down the driveway and into the street, hitting the car in which plaintiffs were riding. After the collision Tom was heard to say that "he wanted to get the automobile out".

The judge in that case found for defendant. He granted defendants' requests and denied plaintiff's requests for rulings. What these requests were does not appear except that plaintiffs contended that the doctrine of res ipsa loquitur applied, citing *Glaser* v. *Schroeder* supra.

The Supreme Court discussed the *Glaser* case noting that it had there held that the doctrine of res ipsa loquitur did apply. The court in the *McFarlane* case then went on to say:

> "Whether this doctrine is applicable in the present case need not be decided in view of the express finding of the trial judge that there was no negligence on the part of the defendant Edna F. McCourt. The defendant, in order to rebut an inference of negligence which might otherwise arise from the starting of the car, was not called upon to account satisfactorily for the accident. . . . Where, as here, there is no express finding that the defendant's child Tom started the automobile, the question of the defendant's responsibility for the conduct of the child is not in issue. The general findings for the defendant Edna F. McCourt in the four cases were warranted upon the evidence. The refusal of the trial judge to give the requests of the several plaintiffs need not be considered in detail. No prejudicial error appears by reason of their refusal, or by reason of the granting of the requests of the defendant."

There are many cases involving claims for injury due to parked cars rolling down inclines. A typical case is *Bachand* v. *Vidal,* 328 Mass. 97. In that case there was evidence from a passing automobilist that she saw the automobile start to move and that there was no person near it at the time. It could be found on the evidence that it was more probable that the automobile started downgrade because Vidal had failed to exercise care in securing its position against the curb than from any indepedant cause which he could not reasonably anticipate and for which he was not responsible. In that instance there was a six percent grade.

In *Litos* v. *Sullivan,* 322 Mass. 193 defendant parked his car on a street whose grade was some twelve to fifteen percent. The Court said:

> "He [Sullivan] had parked his automobile on a very steep grade at a point where the curb did not hold it . . . . They could find that he had placed his autombile in a position involving great risk; that a corresponding degree of care was required; and that on the whole it was more probable that the automobile started downhill wholly or partly because he had failed to exercise such care than from any independent cause which he could not have anticipated and for which he was not responsible."

See also *Kirsch* v. *J. G. Rigan and Sons, Inc.,* 264 Mass. 233, where the grade was 10½ percent and within ten or fifteen minutes the truck started rolling down the hill. There was also evidence that the emergency brake was unreliable. Other cases where the mere occurrence

of the accidents was held to constitute evidence from which negligence might be inferred are cited in *Weiss* v. *Republic Pipe & Supply Corp.*, 335 Mass. 422-427. .

There is an important distinction between the case before us and other cases of vehicles parked on an incline. The steeper the grade, the greater the care required of the parking operator. *Litos* v. *Sullivan,* 322 Mass. 193 In cases cited the inclination ran from 6 per cent to 15 per cent grade. The Court characterized 12 per cent to 15 per cent as ''very steep''.

Here the judge found that the automobile was parked on level ground. It could not then have started because of brake failure or failure to turn the front wheels into the curb. Why it started would be pure conjecture. Were the automobile, on the other hand, parked on a ''slight'' incline, which plaintiff seems to assume, releasing the brake and shifting gears would most likely be the cause of the roll. The presence of defendants' daughter in the car after the accident explains nothing. There is no evidence that she was in the car when it started to roll. Plaintiffs' counsel did not argue that she was in the car at the time or that she had anything to do with its starting to roll. Indeed considering her age and physical capacity, it is most unlikely that she could have opened the car door, let alone shifted gears or released the emergency brake. The most likely reason for the car starting to roll would

be the action of some unknown individual. At best we have mere conjecture, which is not enough. *Moynihan* v. *B. & M. Railroad*, 227 Mass. 182. *Cormier* v. *Bodkin*, 300 Mass. 357, 361.

Plaintiffs have no valid grievance because of the Court's disposition of request #1 and #2. Both were granted. Furthermore, if the appeal is taken on the issue set forth in the statement of grievance, the Court's "refusal to rule",—there was no such refusal.

The case cited by plaintiffs in support of Request #2, *Poland* v. *D'Allesandro*, 321 Mass. 387, is not in point. The Court there reiterated what had been said in *Glaser* v. *Schroeder* supra. In *Poland* v. *D'Allesandro*, as in the Schroeder case, the original verdict was in favor of plaintiffs primarily on a question of fact. Furthermore, in *Poland* v. *D'Allesandro* the opinion emphasized the shortness of time which had elapsed between the parking of the vehicle and its rolling down the hill. The Court declined to say that the trial judge could not reasonably have inferred negligence on the part of defendants.

Under all these circumstances it certainly was in the province of the judge, if not his duty, to find defendant not negligent.

**Report dismissed.**

JAMES McCARTHY
*for Plaintiff*
FRANCIS P. REYNOLDS, of Everett
*for Defendant*