# UNITED STATES EX REL. KNIGHT *v.* BALLINGER.

### APPEAL AND ERROR; TRIAL; MANDAMUS.

1. The improper admission of evidence in a trial by the court without a jury does not of itself constitute reversible error, as the improperly admitted evidence will be rejected by the appellate court, and the case decided as if it were not in the record.

2. Impossibility of performance cannot be pleaded in defense of mandamus, where such performance was rendered impossible by the defendant's own act.

3. Where, pending a proceeding for mandamus against the Secretary of the Interior, to compel him to issue a patent for public lands to the relator, the Secretary issued a patent for the land to a third person, and then pleaded its issuance in a supplemental answer to the petition for the writ, and the trial court, on the hearing, which

resulted in the dismissal of the petition, admitted in evidence the patent so issued, and excluded the relator's evidence on the issues made by the petition and the original answer, the judgment of the trial court will not be reversed, although its action in admitting the patent in evidence and in excluding the relator's evidence was erroneous, if the judgment appealed from can be sustained on the ground that the Secretary acted within his jurisdiction in refusing to deliver a patent to the relator, as prayed for in the petition.

4. While, after the right to a patent for Indian lands, under the act of Congress of July 1, 1902 (32 Stat. at L. 716, chap. 1375), has become complete, the execution and delivery of the same are but mere ministerial acts of the officers charged with that duty, there is a jurisdiction in them to refuse to issue the patent if an allotment certificate has not been issued and delivered.

5. Where the Secretary of the Interior in an allotment contest over Indian lands under the act of Congress of July 1, 1902 (32 Stat. at L. 716, chap. 1375), rendered a decision permitting one of the parties, an infant, to withdraw from the contest on the payment to her by the other party of a certain sum of money, and caused a deed of the land involved to be prepared for delivery to the latter party, but thereafter, within the thirty days allowed for rehearings under the rules of practice of the Interior Department and before an allotment certificate had been issued, vacated his decision on representations that the settlement of the matter had not been for the best interests of the infant, and ordered a hearing of the contest on its merits, mandamus will not lie at the instance of the party to whom the deed was to be given, to compel the Secretary to deliver it to him, as the Secretary acted within his lawful jurisdiction.

6. The filing of a supplemental answer to a petition for the writ of mandamus does not operate as an abandonment by the respondent of every contention in the case except the ones sought to be put in issue by such answer.


No. 2138.   Submitted May 4, 1910.   Decided October 4, 1910.


HEARING on an appeal by the relator from a judgment of the Supreme Court of the District of Columbia, discharging a rule to show cause laid upon the Secretary of the Interior in a mandamus proceeding, **and** dismissing the petition for the writ.                              *Affirmed.*

The COURT in the opinion stated the facts as follows:

The appellant, Herman Knight, a citizen of the Cherokee Nation, in Oklahoma, whose enrolment had been approved by the Secretary of the Interior, and who was entitled to an allotment under the act of Congress approved July 1, 1902, "An Act to Provide for the Allotment of the Lands of the Cherokee Nation, for the Disposition of Town Sites Therein, and for Other Purposes" (32 Stat. at L. 716 et seq. chap. 1375), on July 16, 1909, filed his petition in the supreme court of the District of Columbia against Richard A. Ballinger, Secretary of the Interior, praying a writ of mandamus to compel him to deliver to appellant a patent or deed for 30 acres of valuable oil land of said Cherokee Nation which had been executed to him by the chief of the Cherokee Nation, in pursuance of an order of the Secretary of the Interior, but which the Secretary thereafter refused and still refuses, to deliver to appellant. The cause is here on appeal from an order of the court below, denying said writ and dismissing said petition.

The petition alleges that on the 28th day of August, 1907, appellant made application to the Commissioner of the Five Civilized Tribes at the Cherokee land office to take this particular allotment, to wit, the N. $\frac{1}{2}$ of the S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ and the S. W. $\frac{1}{4}$ of the S. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ of section 19, township 20 north, range 13 east, in said Cherokee Nation; that, it appearing of record in said office that theretofore, on August 21, 1907, said land had been selected by one Maudie Waters as a tentative allotment for her minor child Eva Waters, appellant thereupon filed a contest against said tentative selection; that the various proceedings thereafter had touching said contest culminated in a decision by the Secretary on May 10, 1909, awarding said land to appellant on condition that a certain sum of money be paid over to the Secretary as trustee for the benefit of said Eva Waters, such payment to be completed on or before May 15, 1909; that on May 11, 1909, the Secretary telegraphed the Commissioner of the Five Civilized Tribes that "lands in Twist and Knight cases against Wat-

ers will be awarded to Twist and Knight respectively upon payment of $25,000, for use of minor Waters, contestants given including 15th to make payment," and instructed the Commissioner therein to "forward entire twenty-five thousand to Department, indorsed to Secretary, when entire fund received by you," and "prepare deeds to respective contestants, and have them executed and forwarded here for approval;" that thereafter the Commissioner advised the Secretary of the due compliance of appellant with the terms of said telegram, so far as his case was concerned (the Twist case not being here involved), and forwarded to the Secretary a deed properly executed by the chief of the Cherokee Nation, conveying to appellant the said tract of land; and that "said deed has been approved by the secretary," and appellant "complied with all of the requirements imposed upon him by law," but that the Secretary has refused, and still refuses, to deliver the deed, and "has ordered other and further proceedings in the Department of the Interior, relating to this subject-matter," which appellant claims is in excess of the Secretary's jurisdiction, although he admits in his petition that under the rules of practice obtaining in the Department of the Interior in Indian affairs *thirty days are allowed from and after notice of a decision within which to file a motion for rehearing or review,* a copy of said rules being annexed to his petition as "exhibit B," and made a part thereof.

The court below issued an order to show cause, and the secretary appeared and answered. The answer denies that said proceedings of May 10, 1909, or any proceedings then or at any other time had culminated in a decision awarding said land to appellant, and also denies that the merits of the contest, *i. e.,* whether the appellant (contestant) or Eva Waters (contestee) had the greater right to the allotment of the land in controversy were considered in making said proposed disposition of the case on May 10, 1909, or that such disposition was a final determination thereof, but that, it being then represented to him that the said Eva Waters, through her guardian, desired to withdraw from said contest, in view of the large sum of

money offered for such withdrawal, and upon the further representation of appellant's counsel that the consideration was amply commensurate with the extent of her potential interest in said land, and that moved by such considerations, he then deemed it to be for the best interests of said Indian ward, Eva Waters, to allow such withdrawal. The answer further avers that immediately thereafter the Secretary was advised by telegram from the parent and guardian of said Eva Waters that said ward protested against the allowance of said withdrawal, on the ground that the same had been induced by gross misrepresentation of the value of the land in controversy; that a motion to review said decision was thereupon presented in due course by said Eva Waters, through her attorneys, and said motion was heard by the Secretary upon its merits, the appellant appearing at, and participating in, said hearing, through his counsel, and making no objection to the authority or jurisdiction of the Secretary in that behalf; that thereafter on June 24, 1909, the Secretary, being satisfied that the consideration offered for said withdrawal was inadequate, and that he had been misled in adjudging what the best interests of said Indian ward required, vacated the order of May 10, 1909, and thereupon directed that said contest case pending before the Commissioner to the Five Civilized Tribes should be proceeded with, considered, and disposed of on its merits, and that the money deposited on behalf of appellant should be returned to the party depositing it. The answer also avers that the contest case was thereafter duly proceeded with before said Commissioner of the Five Civilized Tribes, but had not yet reached the Secretary for consideration in the due course prescribed by the rules of practice in such cases obtaining, and, further, that no certificate of allotment had ever been issued to the appellant as a step preliminary to the issuance of a deed or patent, and, in addition thereto, the Secretary had refused to approve the deed here in controversy until the appellant should show himself, by a trial of the contest case instituted by him, to be entitled to said land in allotment.

On July 28, 1909, appellant filed a replication admitting

that the question as to whether he or Eva Waters had the greater right to the allotment in controversy was not decided on its merits, but denying that he had misled the Secretary in adjudging as to the best interests of said Indian ward, and averring, on the contrary, that the Secretary was moved to the action taken by him solely and entirely by investigations conducted upon his own account; and further averring that the consideration of $15,000 to be paid by appellant, as named in the decision of the Secretary, was entirely adequate and for the best interests of the minor contestee, Eva Waters. The replication also averred that the decision of May 10, 1909, authorized appellant to proceed with the development of the land upon the payment of the consideration named therein, and that on May 13, 1909, appellant complied with said condition, and immediately erected on said land derricks and other machinery necessary to the drilling for oil and natural gas.

On July 30, 1909, issue was joined on this replication, and a number of depositions were taken by the appellant concerning the value of the land in controversy, and the expenditures made by appellant, and also as to what Assistant Secretary Pierce did and said about the case while it was pending before him. The appellee took no testimony.

On September 1, 1909, the appellee filed an additional pleading, termed "Supplemental Answer," setting up that theretofore, on the 19th day of July, 1909, the matter of the contest then pending before the Commissioner to the Five Civilized Tribes to determine the right as between the appellant and Eva Waters to the land described in the petition, came on regularly to be heard before said Commissioner, appellant participating therein by counsel, and the Commissioner thereupon duly and regularly, and in accordance with law, awarded said land to Eva Waters; that under the rules of practice of said Interior Department relating to such proceedings, appellant was allowed thirty days within which to appeal, but that he failed so to do, and on August 18, 1909, said decision, under said rules, became final; that on August 21, 1909, the principal chief of the Cherokee Nation, pursuant to said decision and

the duty imposed by law (sec. 58, act July 1, 1902, 32 Stat. at L. 725, chap. 1375), executed a deed or patent to the land to said Eva Waters, the effect of which was to convey to the latter all the right, title, and interest of the Cherokee Nation in said land, and, on August 25, 1909, the Secretary of the Interior approved the same as required by sec. 59 of said act of July 1, 1902, which approval operated as a relinquishment to the grantee of all the right of the United States in and to the land embraced in the patent, and placed the same beyond the jurisdiction and control of appellee; and appellee prayed in and by said "Supplemental Answer" to be hence dismissed. Appellant filed a demurrer thereto, which was overruled by the court below. He then filed a general replication, and the appellee joined issue thereon.

On December 13, 1909, the cause was heard by the court below and a judgment was entered, discharging the rule to show cause, and dismissing the original and amended petitions, from which judgment this appeal has been prosecuted. Upon said hearing, the appellant offered to read in evidence the depositions taken by him upon the issues originally joined, but the court declined to permit the same, to which ruling an exception was noted. Appellee then offered in evidence, upon the issue joined on the supplemental answer, said patent or deed to Eva Waters, dated August 21, 1909, for the land here involved, to which appellant objected, but said objection was overruled and exception noted.

*Mr. E. C. Brandenburg, Mr. F. W. Brandenburg, Messrs. Zevely, Givens & Smith, Mr. F. D. McKenney,* and *Mr. William Hitz* for the appellant.

*Mr. Oscar Lawler,* Assistant Attorney General, *Mr. F. W. Clements,* First Assistant Attorney, and *Mr. C. E. Wright,* Assistant Attorney, Interior Department, for the appellee.

Mr. Justice ANDERSON, of the Supreme Court of the District of Columbia, who sat with the Court in the hearing and determination of the appeal in place of Mr. Chief Justice SHEPARD, delivered the opinion of the Court:

Under the assignments of error, but two general and controlling questions are presented for our determination; *viz*:

1st. Did the court below err in admitting in evidence the patent to Eva Waters issued by the appellee during the pendency of the cause below, and in refusing to permit appellant to read his testimony in evidence?

2d. Was the appellee acting within his lawful jurisdiction in refusing to deliver the patent to appellant?

1. It is well settled that the improper admission of evidence in trials by a court, without a jury, does not, of itself, constitute reversible error, as the improperly admitted evidence will be rejected by the appellate court, and the cause decided as if it were not in the record. *Field* v. *United States,* 9 Pet. 182, 9 L. ed. 94; *Arthurs* v. *Hart,* 17 How. 6, 15 L. ed. 30. So that, while we are clearly of opinion that the action of the appellee in issuing said patent was incompetent as a defense to this action, in view of the settled rule that impossibility of performance cannot be pleaded in defense to mandamus where such performance was rendered impossible by defendant's own act (Spelling, Inj. & Extr. Rem. 2d. ed. sec. 1377; High, Extr. Legal Rem. 3d ed. sec. 14), the judgment below should not be reversed for that error, nor for the refusal of the court below to permit appellant to read his testimony in evidence, *if the record itself sustains the judgment below upon the ground that the appellee acted within his lawful jurisdiction in refusing to deliver a patent to appellant, as prayed for in the petition for mandamus herein.*

2. Was the appellee acting within his lawful jurisdiction in refusing to deliver the patent to appellant? If so, the petition for mandamus was properly dismissed. In *Garfield* v. *United States,* 211 U. S. 249 at p. 262, 53 L. ed. 168, 174, 29 Sup. Ct. Rep. 62, the United States Supreme Court said: "We

appreciate fully the purpose of Congress in numerous acts of legislation to confer authority upon the Secretary of the Interior to administer upon the Indian lands, and previous decisions of this court have shown its refusal to sanction a judgment interfering with the Secretary where he acts within the powers conferred by law." It is also well-settled, of course, that, after the right to the patent has become complete, the execution and delivery of the same are but mere ministerial acts of the officers charged with that duty. *Garfield* v. *United States, supra; Ballinger* v. *United States,* 216 U. S. 240, 54 L. ed. 464, 30 Sup. Ct. Rep. 338. Both of these cited cases involved the same act of Congress here concerned, namely, the act of July 1, 1902 (32 Stat. at L. 716 et seq. chap. 1375), and the United States Supreme Court held that the *issuance and delivery of an allotment certificate by the Commission to the Five Civilized Tribes was the act which made the right to a patent for any designated allotment complete.* Before the issuance and delivery of such allotment certificate, there is still jurisdiction to refuse the patent. After its issuance and delivery, the delivery of the patent becomes a mere ministerial act.

It being admitted upon the pleadings in this case that no allotment certificate has ever been issued to appellant, and, further, that a motion for review of the decision of May 10, 1909, was filed by Eva Waters within the time allowed by the rules of practice obtaining in the Department of the Interior in Indian affairs, and that, after a further hearing, the order of May 10, 1909, was vacated and an order entered directing that the contest case pending before the Commissioner to the Five Civilized Tribes should be proceeded with, considered, and disposed of on its merits, it follows that the appellee was acting within his lawful jurisdiction in refusing to deliver said patent to appellee, and, so acting within his lawful jurisdiction, the admission in evidence of the patent to Eva Waters did not constitute reversible error, nor did the refusal of the court to permit appellant to read his testimony in evidence.

We are unable to agree with the contention of the appellant

that the rules of practice obtaining in the Department in refer-
ence to rehearings and reviews were inapplicable to this case,
nor with appellant's further contention that the filing of ap-
pellee's "Supplemental Answer" operated as an abandonment
upon his part of every contention except the one sought to be
put in issue by it. No authority has been cited by appellant
in support of the former contention, and the authority cited as
supporting the latter contention, namely, *Thompson* v. *United
States,* 103 U. S. 481, 26 L. ed. 522, merely holds that a fact
arising since the filing of a return cannot be given in evidence
without a plea *puis darrein continuance.*

In our opinion there was no error in dismissing the petition,
and the judgment below is affirmed with costs.        *Affirmed.*

Upon application of the appellant, a writ of error to the
Supreme Court of the United States was issued November 2,
1910.