[No. 19986. Department Two. December 3, 1926.]

## WILLIAM S. ELLIOTT, *Respondent,* v. SEATTLE CHAIN & MANUFACTURING COMPANY, *Appellant.*[1]

[1] MUNICIPAL CORPORATIONS (390)—USE OF STREETS—NEGLIGENCE— PARKING AUTOMOBILE—QUESTION FOR JURY. It is for the jury to determine whether defendant's illegally parking of his car on a steep grade, in violation of a city ordinance, was one of the proximate causes of an injury to a pedestrian, when it ran away down the hill, even if there was another proximate cause; and also whether the defendant should reasonably have anticipated that some other car might run into it and start it down the hill.

[2] SAME (390). The fact that a car illegally parked on a steep grade ran away and struck a pedestrian, without any apparent or proven cause for its starting, raises a presumption of negligence sufficient to make a *prima facie* case, notwithstanding defendant's testimony that he took all possible precautions.

[3] SAME (380)—STREETS—ORDINANCES REGULATING USE—VIOLATION. An ordinance prohibiting parking automobiles on a certain street does not apply to a car which ran out of gas while ascending the hill, and was necessarily parked for the purpose of procuring gas to start it.

Appeal from an order of the superior court for King county, Gilliam, J., entered January 4, 1926, granting the plaintiff a new trial, after nonsuit, in an action for personal injuries, sustained by a pedestrian, struck by an automobile. Affirmed.

*Poe, Falknor, Falknor & Emory,* for appellants.
*Hugh M. Caldwell,* for respondent.

MACKINTOSH, J.—This is an appeal from an order granting a new trial in a personal injury action, and the only inquiry is, whether there is any evidence which should have been submitted to the jury. At the close of the case, the appellant's challenge to the sufficiency of the evidence was sustained and a judgment

[1]Reported in 251 Pac. 117.

made for the appellant. Thereafter, the respondent having made a motion for a new trial, the motion was granted.

[1] The evidence, viewed as it should be in answering the question in this case, shows substantially that, about 6:30 or 7:00 o'clock on an August evening, an employee of the appellant parked his Ford car on the north side of Madison street, which is an east and west street in the city of Seattle, and so far as we are concerned with it here, is laid out on a very steep grade; that the appellant's employee went across Madison street to a restaurant, where he remained for about an hour; that, when he came out, he found that his car had disappeared; and after some investigation, he found that it had gone westerly on Madison street and collided with the respondent, who at the time had been standing in front of his car, stationed by the south curb of Madison street, some two or three blocks from the place where the Ford had been originally parked. For injuries which the respondent sustained, he brought this action.

There were no witnesses as to what occasioned the appellant's car to make the downhill trip. The testimony of appellant's employee is that he turned off the engine before leaving the car, that he cramped the front wheels in towards the curb, set the brakes, which were working properly, and took every precaution to prevent the car starting downhill in the direction in which it was headed. By the appellant's proof, it sought to establish that the probable cause of the car getting under way was that some passing automobile had struck the left rear hub of the Ford and had thus set the car in motion, and that, this being the reason for the accident, there was no negligence on the part of the appellant shown by the evidence.

Under a city ordinance of Seattle, it was unlawful for the appellant to park his automobile where this Ford was parked, and if its being parked there was the proximate cause of the accident, that would be sufficient to sustain a recovery on the part of the respondent. The appellant urges that the parking had no connection with the accident, but that a separate and intervening cause occurred, which was the proximate cause, and that the appellant was, therefore, not liable. The trouble with this position is that, as this court has said on several occasions, there may be more than one proximate cause, and if the alleged striking of the appellant's Ford by some other car was an act which reasonably could have been anticipated or foreseen by the appellant when he parked his Ford, or if it was the natural and probable result of his illegal act in parking it where he did, there would arise a possibility of there having been two proximate causes of the injury to the respondent, who would be entitled to recovery against either or both of the participants. Even accepting the appellant's theory of the manner in which the accident happened, here there was a question raised on which the jury should have been allowed to pass and to determine whether the appellant, in parking his car illegally, in view of the traffic conditions on Madison street at that place and all the facts and circumstances surrounding the situation, might reasonably have been charged with notice that his car so parked might be run into by some other vehicle. *Eskildsen v. City of Seattle,* 29 Wash. 583, 70 Pac. 64; *Jaquith v. Worden,* 73 Wash. 349, 132 Pac. 33; *Hellan v. Supply Laundry Co.,* 94 Wash. 683, 163 Pac. 9; *Ross v. Smith & Bloxom,* 107 Wash. 493, 182 Pac. 582; *Tobin v. City of Seattle,* 127 Wash. 664, 221 Pac. 583; *Hadley v. Arms & Scott,* 136 Wash. 632, 241 Pac. 26.

[2]    On another theory sustained by the evidence, or reasonable inferences from it, there were matters which should have been submitted to the jury, assuming that the jury had a right to disagree with the appellant's theory that the accident was occasioned by the Ford having been struck by some other car, and to have found that the accident resulted solely from the appellant's negligence in the manner of parking. There being no positive proof of the way in which the Ford got under way, as the appellant itself says, the fact that the respondent was run into by appellant's car, resulting in injury to him, raised a presumption of negligence on the part of the appellant and established a *prima facie* case for the respondent. It is the claim of the appellant, however, that this *prima facie* case was destroyed completely by the testimony of its employee that he had observed all the regulations, both of statute and ordinance and reasonable usage, in the manner in which he had parked his car. But this testimony on his part, although positively given, need not necessarily have been completely believed by the jury, which had a right to draw reasonable inferences from what actually happened, contrary to that positive testimony; for, if the Ford had been parked with its wheels cramped in a northerly direction against the curb, it would seem that the car would not have proceeded down the hill in the opposite direction; and, if the brakes were proper and had been set as testified to, it is improbable that the car would have proceeded to the point of collision without something having happened to the brake mechanism; and there are other inferences which the jury might reasonably draw from the physical facts which could disprove the statement of the driver of the Ford as to what precautions he had taken in parking the car on the side hill. These are all matters which the court was not warranted in with-

drawing from the jury's consideration. So, upon either theory, there was something which the jury had the right to pass upon and determine to have been the facts.

[3] It is suggested, that in no event could the respondent recover, for the reason that he himself was violating the same ordinance in regard to parking on Madison street as was the appellant, for the respondent had had his car stopped on the south side of Madison street. But this, the testimony shows, arose from necessity; that, in ascending Madison street, respondent's car ran out of fuel, and that he had to stop it where he did and go to a service station to procure gasoline, which he had just finished putting into the tank when he was run into by the appellant's Ford. The ordinance prohibiting parking on Madison street did not contemplate a situation where, by the exigencies of the occasion, a person must temporarily stop his car on that street.

Another point is made that the appellant, in no event, is liable, for the reason that the person driving the Ford and parking it, at that time, was not within the scope of his employment. An examination of the facts in relation to this matter, however, shows that the jury might very well believe that the doctrine of *respondeat superior* applied, and that the driver was engaged in the appellant's business at the time under consideration.

The trial court, then, was correct in ordering a new trial, and the judgment is affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and ASKREN, JJ., concur.