223 P.2d 401

**CLINT v. NORTHERN ASSUR. CO., Limited, et al.**

**CLINT v. HARRIS.**

No. 5228.

Supreme Court of Arizona.

Oct. 31, 1950.

Campbell, Rolle & Jones, Byrne & Green and Udall W. Pace, all of Yuma, for appellants.

Westover & Mansfield, and Glenn Copple, all of Yuma, for appellees.

## 46

DE CONCINI, Justice.

This matter is before us on appeal of the defendant below, James M. Clint, hereinafter referred to as defendant. There were two separate actions against Clint as defendant. The first, No. 12084 in the trial court, was by the Northern Assurance Company and the Security Insurance Company, both corporations, as plaintiffs under their subrogation agreements with their insured, John M. Harris. The second action, No. 12183 in the trial court, was by Harris as plaintiff for damages to his property not covered by insurance. Both suits arose from the same accident hence the matters were consolidated for trial and are here on one appeal.

John M. Harris, hereinafter designated as plaintiff Harris, was a dealer in automotive supplies in Yuma, Arizona and was the owner of real estate improved with a brick building and an appurtenant wooden shed, in which was housed store fixtures, shelves and stock in trade used in his business. He was insured against damages to his real estate by the above-named insurance corporations. Plaintiff Harris' real property suffered damages allegedly caused by defendant's negligence. The two insurance companies paid him under his policies as follows: Northern Assurance Company, $375.74; Security Insurance Company, $1,878.72. They then brought suit against defendant under their subrogation agreements with plaintiff Harris. The lower court rendered judgment in their favor against defendant in the sums they respectively paid plaintiff Harris, a total sum of $2,254.46.

Plaintiff Harris brought suit against defendant for damages to his personal property and his business over and above what he collected from his insurance companies. The lower court rendered judgment in his favor against defendant in the sum of $3,616.19.

The defendant was operating a truck and trailer between Los Angeles and Yuma under a lease agreement with Henry C. Mickey. Mickey, the owner of the truck, was also the chauffeur. On the morning of February 20, 1947, Mickey arrived in Yuma from Los Angeles about 5:30 a.m. with a capacity load weighing 55,000 lbs. Immediately after crossing the Colorado River bridge he parked opposite the Arizona inspection station in the center lane provided for trucks. He testified the right front door was locked, the air brakes and emergency brake were set, the gears were placed in compound low, which is the lowest gear, and the ignition switch was off. He presented the manifest of his cargo to the inspector and was away from his truck about two minutes. When he returned from the office of the inspector his truck was gone. The road on which the truck was parked is on a downgrade towards the City of Yuma and also has a 90 degree turn on it within a few hundred feet of where the truck was parked. Mickey further testified that he saw the tail end of his truck

disappear when he came out of the inspection station. He then got into another truck behind him which was owned by defendant and together with Danny Celaya, the driver of the other truck, started off to find his truck. They found the truck inside the building of plaintiff Harris on the opposite side of the street about 400 or 500 feet from where it was originally parked opposite the inspection station. Mickey and Celaya both testified that upon their arrival they saw two Negroes crawling out from under the truck and trailer and were obviously in a hurry to get away. The truck went right through the side of the wooden shed and brick building and damaged the real and personal property of Harris as before mentioned.

Defendant's position briefly summarized is that the court erred in three particulars, as follows: 1. That it found the defendant's agent negligent; 2. That it allowed a trial amendment by inserting the words "real and" in front of the words "personal property" in plaintiff Harris' amended complain in action No. 12183; 3. That it gave judgment to Harris for damages to his real property.

Assignments 2 and 3 are without merit and are hardly deserving of comment thereon. Suffice it to say, the court did not give Harris judgment for damages to his real property in his action against defendant. We quote from finding No. 6 in action No. 12183: "The remainder of plaintiff's damage, to wit; that done to his personal property, goods, wares and merchandise in the sum of $3,616.19 has not been paid, nor any part thereof." Assignments Nos. 2 and 3 are not applicable to the case since plaintiff Harris did not recover any judgment against appellant for damages to his real property. The trial amendment was at most, surplusage and harmless.

As for assignment of error No. 1, the court apparently did not believe witness Mickey when he testified that he left his truck with the brakes set, in low gear, etc., nor did it infer from the testimony of witnesses Mickey and Celaya that the two Negroes who crawled from under the trailer and ran from the woodshed had attempted to steal the truck and were responsible for the accident. It is more probable that the court inferred that they emerged from the woodpile. We have heretofore held that the court is not bound to accept the uncontradicted evidence of an interested party. In Re Gary's Estate, 69 Ariz. 228, 211 P.2d 815, and cases cited therein. In the instant case Mickey while not a defendant was the agent of the defendant and the owner and driver of the truck, and therefore, would not be classed as a disinterested witness. Gray v. Southern Pacific Co., 23 Cal.2d 632, 145 P.2d 561. His testimony as to the manner in which he left the truck was not corroborated by any one. The court was not unreasonable in refusing to infer that the truck had been stolen by two unidentified Negroes who were solely res-

48

ponsible for the accident. Wiggins v. Pratt-Gilbert Hardware Co., 48 Ariz. 375, 62 P.2d 124.

In this case the plaintiffs had a right to rely on the doctrine of res ipsa loquitur. The defendant did not bear the burden, to the satisfaction of the trial court, of showing that neither he nor his agent were negligent in the operation of the truck and trailer. The judgment is well-supported by the evidence.

Judgment affirmed.

LA PRADE, C. J., and UDALL, STANFORD and PHELPS, JJ., concur.