**DOHONEY v. IMPERIAL INS. INC., et al.**

**No. 1183.**

Municipal Court of Appeals
District of Columbia.

Argued Feb. 18, 1952.

Decided March 17, 1952.

Carlton L. Saunders, Washington, D. C. (Charles C. Collins and Robert E. Anderson, Washington, D. C., on the brief), for appellant.

Roscoe A. Faretta, Washington, D. C. (Bernard J. Gallagher and J. Roy Thompson, Jr., Washington, D. C., on the brief), for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellees, plaintiffs below, sued for damages resulting from an automobile collision. Defendant filed a counterclaim for his damages. Sitting without a jury, the trial court found for plaintiffs on both claims and this appeal follows.

The collision occurred at the intersection of Rhode Island and Eastern Avenues, N. E. Rhode Island Avenue is very wide at this junction. It runs approximately east and west. Eastern Avenue runs north and south, and there is a stop sign on Eastern Avenue about two car-lengths south of the south curb of Rhode Island Avenue making the latter a favored street.

The accident happened about 10:30 p. m. The weather was clear, visibility was good, and there were no permanent obstructions that figured in the events that occurred. The driver of plaintiffs' car, a Miss Miller, testified that she stopped at the stop sign which controlled the flow of traffic from Eastern Avenue into Rhode Island Avenue and looked to her right and left for approaching traffic. She saw no traffic approaching from either direction. She entered the intersection with the vehicle in low gear. Soon after entering, she observed an automobile approaching from her right, or traveling west on Rhode Island Avenue. (It was later ascertained that this automobile was operated by one Shapiro.) She further testified that she slowed down to determine what Shapiro was going to do. Shapiro, observing the automobile, stopped his car on the westbound streetcar tracks in a position from which he could continue his left turn, yielded the right of way to plaintiffs' car, and motioned to her to proceed across in front of him. Miss Miller then shifted to second gear, continued through the intersection at a speed up to approximately twenty miles per hour, and, when the front wheels of the automobile were beyond the north curb line of Rhode Island Avenue, it was struck on the right rear by defendant's automobile and pushed to the left. Immediately after the collision, she observed that defendant's car had made skid marks which started outside of the intersection and continued up to the point of impact. Her testimony was that at no time prior to the impact had she observed the Dohoney car.

Shapiro corroborated the testimony of Miss Miller as to his own actions immediately prior to the accident. He testified that the automobile driven by Dohoney had been following him along Rhode Island Avenue two or three car-lengths to the rear. He entered the intersection, stopped

and allowed plaintiffs' car to pass in front of him and defendant's automobile passed to the north of his car immediately before the collision.

Defendant testified that he was traveling in a westerly direction on Rhode Island Avenue just prior to the collision at approximately twenty-five miles per hour. Traffic was light and there was a car traveling in the same direction approximately thirty to forty feet ahead of him, which car later started to make a left turn south on Eastern Avenue. Dohoney testified that as he neared the intersection he slowed down to about twenty miles per hour, that he saw Shapiro's car ahead of the streetcar loading platform stopped at an angle as if to make a left turn. He approached the Shapiro car intending to pass between it and the north curb of Rhode Island Avenue. He testified that he did not see the car driven by Miss Miller until his automobile was about even with the rear of the Shapiro car, that he applied his brakes and struck the rear right side of plaintiffs' automobile, and that at the time of the impact the front wheels of that car had not yet reached the north curb of Rhode Island Avenue. He further testified that Miss Miller had applied her brakes before the impact.

Conceding that the trial court was justified in finding him negligent, defendant contends that there was error in the refusal to hold that Miss Miller was contributorily negligent as a matter of law in failing to observe his automobile because she had no difficulty in observing the Shapiro car and inasmuch as he was traveling 30 to 40 feet behind that car she should have observed his automobile.

■■■ We think, however, that this contention can not be sustained. From the mere fact that she failed to observe the Dohoney automobile, it does not necessarily follow that she was negligent as a matter of law and that her negligence was a contributing cause to the accident. Generally negligence and contributory negligence are questions of fact to be decided by the trier of the facts, whether judge or jury. If fair-minded men may honestly draw differ-ent conclusions as to the existence or non-existence of the negligence charged, the question is not one of law but of fact. Lewis v. Shiffers, D.C.Mun.App., 67 A.2d 269; Shu v. Basinger, D.C.Mun.App., 57 A.2d 295.

In this case only one fact was disputed, the position of plaintiffs' car at the time of the impact. However, it is clear that the front wheels of that car were at least nearly through the intersection.

Even though the evidence presented by the record is not in material conflict, the inferences which may be drawn from that evidence and the course of conduct which should have been followed by Miss Miller are not so clear. It is not contradicted that she first looked for danger and then proceeded into the intersection slowly in low gear. When she was confronted with an automobile attempting to turn left, she reduced her speed, and it was not until Shapiro indicated that she should proceed that she shifted into second gear. She then proceeded at a speed of approximately twenty miles per hour or less. Her testimony was that at no time did she see the appellant's car. From this it may be inferred that she did not again satisfy herself that the way was clear. But it may also be inferred that she may have looked but her line of vision was obstructed by Shapiro's car and, being unaware that a car was at that moment in the blind spot, she proceeded. Further, all of the other attendant factors, such as time of day, the opportunity to see and failure to see, the opportunity to avoid the collision, and the point of impact, must be considered in determining whether she should have seen the defendant's car and whether she proceeded with reasonable care.

In Lansburgh & Bros. v. Binnix, D.C. Mun.App., 42 A.2d 922, 924, we said: "With evidence from which the jury might find that plaintiff came to a stop as required by law, that he then looked and saw no approaching traffic * * * it was for the jury to decide whether his failure to make further observations when entering and crossing the intersection was negligence contributing to his injury. Whether

in this he failed to exercise the care required of a reasonably prudent driver was an ultimate fact depending upon the weight to be given plaintiff's testimony as to the extent of his observation of approaching traffic * * * the relative speeds of the two automobiles, the distances each would travel, and the positions of each when the collision occurred." In that case plaintiff testified that his attention was diverted by pedestrians in the opposite crosswalk. In this case Miss Miller's attention was diverted by the Shapiro car.

Appellant relies on the cases of Raaen v. Southern Hotel Supply Co., D.C.Mun. App., 31 A.2d 659, and Brown v. Clancy, D.C.Mun.App., 43 A.2d 296. In the former,

the trial court found as a fact that contributory negligence was the proximate cause of the collision, and the question of contributory negligence as a matter of law was not involved. In the latter, a plaintiff was held contributorily negligent as a matter of law as a result of a collision which occurred in broad daylight and with no other moving traffic in the vicinity.

We hold that under the facts and circumstances of this case whether plaintiffs were contributorily negligent was a question to be decided by the trier of the facts.[1] That was resolved in plaintiffs' favor, and there was ample evidence to support the finding.

Affirmed.

1. Scott v. Wilson, D.C.Mun.App., 77 A. 2d 321; Lewis v. Shiffers, supra.