## DU BOSE v. DRUMMOND et al.
### No. 1302.

Municipal Court of Appeals
District of Columbia.

Argued Feb. 9, 1953.

Decided Feb. 26, 1953.

Howard J. McGrath, Washington, D. C., (H. G. Warburton, Washington, D. C., on the brief), for appellant.

John H. Connaughton, Washington, D. C., (Benjamin H. Sullivan, Washington, D. C., on the brief), for appellee Drummond.

John A. Beck, Washington, D. C., (Eugene X. Murphy, Rex K. Nelson and G. A. Chadwick, Jr., Washington, D. C., on the brief), for appellee Neal.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

DuBose and Neal were involved in an intersection collision which resulted in Du-Bose striking the parked automobile of Drummond. Drummond sued DuBose and Neal, and they in turn filed cross-claims against each other. After a trial without a jury the court held DuBose solely accountable for the collision and accordingly entered judgment against him in favor of Drummond and Neal. This appeal is brought by DuBose.

He contends that the trial court was wrong in finding him negligent and not finding that the other driver Neal was guilty of negligence or contributory negligence. From the standpoint of appellate review the case seems to be in the familiar pattern of intersection collisions. DuBose cast the blame on Neal, charging excessive speed, violation of traffic regulations and other acts of negligence; Neal made similar accusations against DuBose.

From the evidence which was brought out in great detail the trial judge found that DuBose was not giving full time and attention to his driving and was driving recklessly and at an excessive rate of speed. The purposes of this case would not be served, nor would precedent, by attempting a lengthy recital or analysis of the conflicting testimony as to speeds of the two drivers, relative distances, opportunity to see, skid marks, etc. Based, as the finding was, on sharply conflicting evidence we

would have no right to rule that it was plainly wrong, or on any other ground to substitute our judgment of the facts and inferences for that of the trial court. Collier v. Young, D.C.Mun.App., 94 A.2d 645; Dohoney v. Imperial Ins. Co., D.C.Mun. App., 87 A.2d 412.

■ DuBose cites several cases for the proposition that violation of certain traffic regulations constituted negligence as a matter of law on the part of Neal.[1] But what amounts to a violation of traffic regulations depends on the surrounding circumstances and is usually a question of fact; and whether such violation is a proximate cause is almost always a question of fact.[2] Such plainly was the situation here.

■ A police officer who arrived at the scene a few minutes after the collision was a witness for the plaintiff. On a blackboard diagram he pointed out the point of impact and the positions of the two cars as he observed them. He produced an accident investigation report prepared by himself and a fellow officer as a part of their official duties, and this report was received in evidence over objection. Appellant asks us to rule that the admission of the report

constituted reversible error because it reflected in part "the police officers'. conclusions and opinions and other information based on hearsay." Though the judge referred to it as "a factual report * * * of the positions of the cars and so on," it is by no means clear that the report was received and considered in its entirety, or that it served any evidentiary purpose except to clarify the testimony of the witness in a somewhat cumulative way. Actually it is doubtful whether the report added anything to the testimony of the officer; hence there was no error in admitting it.[3] But even if it could be said that the report contained some inadmissible matter, we would apply the rule that such would not of itself constitute reversible error since the trial was by the court without a jury.[4] This rule is precisely applicable in a case like this where aside from the police report there was other competent evidence sufficient to support the finding, and where the trial court quite plainly relied on such other evidence in arriving at its decision.[5]

Being satisfied, as we are, that the trial was free of reversible error, we must order that the judgment be

Affirmed.

1. E.g., Ross v. Hartman, 78 U.S.App.D.C. 217, 139 F.2d 14, 158 A.L.R. 1370, certiorari denied 321 U.S. 790, 64 S.Ct. 790, 88 L.Ed. 1080.

2. Kuzminsky v. Wagner, D.C.Mun.App., 87 A.2d 411; see also Grant v. Williams, D.C.Mun.App., 94 A.2d 475.

3. McWilliams v. Lewis, 75 U.S.App.D.C. 153, 125 F.2d 200; cf. Gencarella v. Fyfe, 1 Cir., 171 F.2d 419.

4. United States ex rel. Knight v. Ballinger, 35 App.D.C. 429, affirmed U. S. ex rel. Knight v. Lane, 228 U.S. 6, 33 S.

Ct. 407, 57 L.Ed. 709; English v. Gamble, 8 Cir., 26 F.2d 28; Penwell v. District of Columbia, D.C.Mun.App., 31 A. 2d 891.

5. Bailey v. Sears, Roebuck & Co., 9 Cir., 115 F.2d 904, certiorari denied, 314 U.S. 616, 62 S.Ct. 82, 86 L.Ed. 495; Thompson v. Baltimore & O. R. Co., 8 Cir., 155 F.2d 767, certiorari denied 329 U.S. 762, 67 S.Ct. 122, 91 L.Ed. 657; Thompson v. Carley, 8 Cir., 140 F.2d 656; Grandin Grain & Seed Co. v. United States, 8 Cir., 170 F.2d 425.