**PAGE et al.   v.   DIXON.**

No. 1448.

Municipal Court of Appeals for the
District of Columbia.

Argued Jan. 4, 1954.

Decided Jan. 22, 1954.

Charles B. Sullivan, Jr., Washington, D. C., for appellants.

Lyman J. Umstead, Asst. Corporation Counsel, Washington, D. C., Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Milton D. Korman, Asst. Corporation Counsel, Washington, D. C., on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Russell Page and his insurance company sued the driver of a District of Columbia trash truck for damages sustained in a collision. The trial court concluded that defendant was negligent but also found that plaintiff Page was contributorily negligent and denied him recovery.

■   On this appeal the principal argument is that the finding of contributory negligence was erroneous. The testimony of Page was that he was approaching an uncontrolled intersection at 25 to 27 miles per hour; that when he was approximately sixty feet from the intersection he saw the blinker light on the truck indicating an intention to make a left turn "and realized that a situation of danger existed"; that he applied his brakes immediately, but skidded into the truck. The uncontradicted evidence was that the truck was at a standstill when it was struck. Page admitted that he lived in the neighborhood, was familiar with the intersection, and knew that many trucks made turns into the direction defendant was then heading. We rule

that on Page's own testimony as well as that for the defendant which, naturally, was less favorable to him, the finding of contributory negligence was justified.

■ Appellants also argue that Page's speed should not have been held a contributing cause of the collision. They cite two cases in which we held that speeding does not constitute contributory negligence unless it is shown to have been a contributing cause of the collision. White v. Corbett, D.C.Mun.App., 51 A.2d 676; Herndon v. Higdon, D.C.Mun.App., 31 A.2d 854. But those decisions are of no help here, for in this case the trial court specifically found that Page's negligence was "a contributing proximate cause" of the collision. The law is clear that in cases like this, where the evidence and the inferences which may be drawn from it are conflicting, the issues of negligence and contributory negligence are for the trier of the facts. McKnight v. Bradshaw, D.C.Mun.App., 90 A.2d 825; Dohoney v. Imperial Ins. Inc., D.C.Mun. App., 87 A.2d 412; Kuzminsky v. Wagner, D.C.Mun.App., 87 A.2d 411.

■ Appellants rely on a traffic regulation requiring the driver of a vehicle intending to turn left into an intersection to yield the right of way to approaching vehicles. This right of way was not absolute but relative, and did not absolve Page from his duty to exercise due care. McKnight v. Bradshaw, supra; Herndon v. Higdon, supra.

■ The contention is made that the trial judge, by considering Page's knowledge of prevailing traffic conditions at the intersection imposed upon him a higher standard of care than the law allows. We think there is no basis for the complaint. The record indicates that the judge did not pitch his decision on that factor alone, but that it was one of several factual elements on which he commented in announcing his decision. The record is free of error.

Affirmed.