**Ben E. SINGER, Appellant,**

v.

**Corrine E. MURPHY and Gordon J. Leroux, Appellees.**

**No. 1558.**

Municipal Court of Appeals for the District of Columbia.

Submitted Nov. 1, 1954.

Decided Nov. 30, 1954.

Rehearing denied Dec. 13, 1954

Jack Politz, Washington, D. C., for appellant.

Eugene J. Schubert, Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant sued appellees for property damage sustained in an automobile collision. Appellees counterclaimed for the damage to their car. The jury found that both drivers were negligent and denied recovery to either of the parties.

On this appeal the principal contentions are that the trial judge erred in submitting the questions of proximate cause and contributory negligence to the jury. These contentions do not merit serious consideration. The evidence at trial showed that the car driven by Corrine Murphy was traveling in a southeasterly direction on Nebraska Avenue, N. W., and that appellant's automobile, driven by another person, was approaching from the opposite direction. A trash truck was standing on the side of the street on which Mrs. Murphy was proceeding. On the other side of the street a car was parked opposite the standing truck. Mrs. Murphy followed a large Capital Transit bus around the truck while at the same time appellant's car was passing the parked car, and the collision occurred. There was a conflict in the testimony as to the speed of appellant's car prior to the collision; also a conflict as to the length of the skid marks left by appellant's car. It follows that these conflicts give rise to the question as to whether appellant's driver could have avoided the collision by the use of reasonable care.

The law is well settled in cases of this character that where the evidence and the inferences which may be drawn from it are conflicting the issues of negligence, contributory negligence, and proximate cause are for the triers of the fact.[1] It is only in the clearest of cases where the facts are undisputed and it is plain that reasonable persons could draw but one conclusion from them that these questions become ones of law. From a review of the record we find that there was sufficient evidence to warrant the trial court in submitting these questions to the jury.

Affirmed.

1. Page v. Dixon, D.C.Mun.App., 102 A. 2d 311; McKnight v. Bradshaw, D.C. Mun.App., 90 A.2d 825; Davis v. Professional Bldg. Corp., D.C.Mun.App., 99 A.2d 754; Eesley v. Dottellis, D.C.Mun. App., 61 A.2d 564.