**Leonard E. ABEL, Appellant,**

**v.**

**FIRST SECURITY INSURANCE COM-PANY OF AMERICA, a Corporation, and Helen V. Catron, Appellees.**

No. 1742.

Municipal Court of Appeals for the District of Columbia.

Argued Jan. 30, 1956.

Decided Feb. 23, 1956.

Allan C. Swingle, Washington, D. C., with whom Edwin A. Swingle, Ernest A. Swingle, and David Edwin Hammer, Washington, D. C., were on the brief, for appellant.

Dexter M. Kohn, Washington, D. C., for appellee First Security Insurance Co.

David Shapiro, Washington, D. C., with whom Joseph P. Murphy, Washington, D. C., and Max Ratner were on the brief, for appellee Helen V. Catron.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Defendant appeals from a judgment entered against him in a suit for damages growing out of an automobile collision. The contention is that the trial judge should have found plaintiff guilty of negligence or contributory negligence "as a matter of fact and of law."

Essentially this case falls into the same mold as many other intersectional collision cases which we have had occasion to review in the past. In almost every instance we have held as we did in Shu v. Basinger, D.C.Mun.App., 57 A.2d 295, that: "Automobile collisions at street intersections

nearly always present questions of fact. The credibility of witnesses must be passed on, conflicting testimony must be weighed, and inferences must be drawn. From this conflict and uncertainty the trier of facts, whether judge or jury, must determine the ultimate facts of the case. Only in exceptional cases will questions of negligence, contributory negligence and proximate cause pass from the realm of fact to one of law. Unless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion, the questions are factual and not legal."

 Here the evidence was conflicting as to defendant's speed, which car entered the intersection first, which had the right of way, and which car struck the other. From these conflicting versions the trial judge was required to resolve the claims of negligence and contributory negligence. This was a fact-finding function. The evidence and the inferences deducible therefrom were not "so clear and undisputed" as to present a strictly legal question. The finding being supported by substantial evidence is not subject to reversal here.[1]

 Appellant says that plaintiff Catron violated certain traffic regulations and for that reason was contributorily negligent as a matter of law. The answer is that although violation of traffic regulations may be negligence per se, it is still a question of fact whether or not the regulations were actually violated, and if so whether their violation was the proximate cause of the collision.[2] Again, "[i]t is only in the clearest of cases where the facts are undisputed and it is plain that reasonable persons could draw but one conclusion from them that these questions become ones of law." Singer v. Murphy, D.C.Mun.App., 109 A.2d 379, 380.

Affirmed.

1. Custom Taxicabs v. Hatch, D.C.Mun. App., 110 A.2d 690; Cheatham v. Gates, D.C.Mun.App., 106 A.2d 695; Dohoney v. Imperial Ins., Inc., D.C.Mun.App., 87 A.2d 412; Lewis v. Shiffers, D.C.Mun. App., 67 A.2d 269.

2. Peigh v. Baltimore & O. R. Co., 92 U.S.

App.D.C. 198, 204 F.2d 391, 44 A.L.R.2d 671; DuBose v. Drummond, D.C.Mun. App., 95 A.2d 57; Grant v. Williams, D.C.Mun.App., 94 A.2d 475; Shu v. Basinger, D.C.Mun.App., 57 A.2d 295, supra; White v. Corbett, D.C.Mun.App., 51 A.2d 676.