**TAN TOP CAB COMPANY, Inc., a corporation, and James T. Beach, Appellants,**

v.

**Daniel J. SHILLER, Appellee.**

No. 1831.

Municipal Court of Appeals for the District of Columbia.

Argued July 2, 1956.

Decided July 31, 1956.

William F. Martin, Washington, D. C., for appellants. R. Logan Hollowell and Vaden S. Pitts, Washington, D. C., also entered an appearance for appellants.

James M. Fitzpatrick, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, plaintiff in the trial court, late one evening parked his automobile facing east on an incline on Harvard Street near Adams Mill Road. The following morning

he returned and found a Tan Top taxicab had collided with his car. The taxicab was facing in a southwesterly direction, downhill, with its hood up and its engine running. Beach, the driver of the taxicab, was present and told plaintiff that his taxicab had been parked as the second car in front of plaintiff's car; that earlier that morning he tried to start the engine but could not because the battery was dead; and that he then left the taxicab unattended and returned later with a mechanic,[1] at which time he discovered the cars were in collision.

Beach testified that because of battery trouble the evening before he parked his taxicab with the wheels parallel to the curb, set the hand brake, put the taxicab in low gear, and locked the ignition and the doors. The following morning he returned and made an unsuccessful attempt to start the taxicab. He further testified that he then went to obtain a mechanic, leaving the taxicab in the same condition as it was the night before with the exception of locking the door. When they returned he found his taxicab in collision with plaintiff's car, the front end facing in approximately a two-hundred degree turn to the left from its former position. He inspected his taxicab and found that the hand brake was completely off and that it was out of gear. He also testified that the mechanic raised the hood, started the engine, and then departed.

On cross-examination Beach testified that his brakes had been checked and adjusted in late December 1955; that they were in good condition; that when he parked his taxicab he did not turn the front wheels to the curb; that the following morning while trying to start the taxicab he put it in neutral gear;

that when he left the taxicab, he put it in gear with the brake on but that he did not turn the wheels to the curb nor did he lock the door.

Certain traffic regulations were admitted in evidence; however, the trial court did not specifically hold that there had been a violation of a traffic regulation. It found that plaintiff had established by a preponderance of the evidence that Beach's negligence in the manner of parking and leaving his taxicab on a sharp incline was the proximate cause of its subsequently rolling down into plaintiff's parked automobile.

Bringing this appeal, defendants contend that the finding was plainly wrong and without evidence to support it. We cannot accept this contention. It is only in cases where it is clear that reasonable men could draw but one conclusion from the facts that negligence, contributory negligence, and proximate cause become questions of law.[2] They are almost always questions of fact.[3] Such was the case here, and accordingly we may not substitute our judgment of the facts and inferences for that of the trial court.

We are satisfied from a review of the record that there was sufficient evidence to support the finding. The physical evidence and the fact that Beach admitted parking his vehicle on an incline without turning the front wheels to the curb constituted evidence of negligence. It is true that ordinarily negligence may not be presumed from the mere happening of an accident, but if the instrumentality which caused the injury was under the defendant's control and

---

1. The record shows that the mechanic was not called as a witness on behalf of defendants.

2. Abel v. First Security Insurance Company of America, D.C.Mun.App., 120 A.2d 586; Cox v. Pennsylvania Railroad Company, D.C.Mun.App., 120 A.2d 214; Singer v. Murphy, D.C.Mun.App., 109 A. 2d 379; Shu v. Basinger, D.C.Mun.App.,

57 A.2d 295; Hochschild, Kohn & Co. v. Canoles, 193 Md. 276, 66 A.2d 780.

3. Schaff v. R. W. Claxton, Inc., 79 U.S. App.D.C. 207, 144 F.2d 532, certiorari denied 335 U.S. 871, 69 S.Ct. 168, 93 L. Ed. 415; Roberts v. Lane, D.C.Mun.App., 115 A.2d 517; Eesley v. Dottellis, D.C. Mun.App., 61 A.2d 564; Bullock v. Dahlstrom, D.C.Mun.App., 46 A.2d 370.

the accident was such that, in the usual course of events, it would not have occurred had proper care been exercised, then the burden is on the defendant to show that he exercised due care.[4] If the defendant does not show that he exercised due care, the inference of negligence which arises from the circumstances is not destroyed. Further, the defendant does not necessarily demonstrate due care by merely claiming that the necessary precautions had been taken which would have precluded the happening of the accident. The trial court was not obliged to accept the uncontradicted evidence of an interested party.[5] It could have disbelieved Beach's testimony that he properly set his brake and put his taxicab in gear. It could have found that Beach placed his taxicab in a dangerous position; that a corresponding degree of care was required; and that it was more probable the taxicab started down the hill because he failed to exercise such care rather than from any independent cause.[6] While, of course, an unknown person may have tampered with the taxicab during the period it was left unattended by Beach, this possibility was not proof and plaintiff was not required under such circumstances to show that the possibility did not materialize in order to prove negligence and proximate cause.

While there was no direct proof of defendant's negligence, other than his failure to turn the wheels of the taxicab to the curb, the situation was such that the trial court could have concluded Beach failed to exercise due care under the circumstances and that such negligence was the proximate cause of the damage to plaintiff's automobile.

Affirmed.

4. Endler v. United States, D.C.Pa., 101 F.Supp. 332; see also Annotation, 16 A.L.R.2d 979.

5. Kuzminsky v. Wagner, D.C.Mun.App., 87 A.2d 411; Clint v. Northern Assur. Co., 71 Ariz. 44, 223 P.2d 401; Elliott v. Seattle Chain & Mfg. Co., 141 Wash. 157,

251 P. 117; Bachand v. Vidal, 328 Mass. 97, 101 N.E.2d 884; Litos v. Sullivan, 322 Mass. 193, 76 N.E.2d 557; Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R. 2d 974.

6. Bachand v. Vidal, supra; Litos v. Sullivan, supra.